BOARD OF COUNTY COM'RS. OF BEAVER COUNTY v. BEAVER COUNTY *ex rel.* SPOHN, County Atty.

No. 4012.   Opinion Filed February 2, 1915.

(146 Pac. 434.)

1.    COUNTIES—County Commissioners—Appeal by County Attorney —Title of Case. Where an appeal is taken by the county attorney under section 1640, Rev. Laws 1910, the case should be

docketed in the district court in the name of the claimant against the county, and not in the name of the county against the commissioners.

2. COUNTIES—County Commissioners—Appeal by County Attorney—Notice. Where an appeal is taken by the county attorney under section 1640, Rev. Laws 1910, notice of such appeal must be served on the claimant in order to give the court jurisdiction though section 1641, requiring such notice to be served on the county commissioners, does not expressly require it.

(Syllabus by the Court.)

*Error from District Court, Beaver County;*

*R. H. Loofbourrow, Judge.*

An order of the Board of County Commissioners of Beaver County, Okla., allowing a claim in favor of W. G. Fields, was reversed by the district court, and the Board brings error.

Reversed and remanded.

*Dickson & Dickson,* for plaintiff in error.

*John A. Spohn,* for defendant in error.

HARDY, J. The appeal in this case is by the board of county commissioners of Beaver county upon transcript from judgment of the district court of Beaver county, reversing an order of the said board of county commissioners in allowing a claim in favor of W. G. Fields, tax ferret, in the sum of $141.47. The cause is styled in this court. "Board of County Commissioners of Beaver County, Plaintiff in Error v. Beaver County, Okla., *ex rel.* John A. Spohn, County Attorney, Defendant in Error." It appears from the transcript that upon the allowance of said claim seven taxpayers of Beaver county made written demand upon the county attorney to appeal from the action of the board in allowing said claim, and thereupon the county attorney served notice in writing upon the board of county commissioners of the appeal in said matter, which notice of appeal is in words and figures as follows:

"Beaver County, State of Oklahoma. To the Honorable Board of County Commissioners of Beaver County, Oklahoma: You will take notice that an appeal from the action of your board upon the allowance of claim No. 256 to W. G. Fields as tax ferrett of said county has been taken to the district court of said county. [Signed] John A. Spohn, County Attorney."

Indorsed:

"I hereby acknowledge receipt of said notice. A. H. Fox, Member of Board of County Commissioners."

. This appeal is attempted to be taken under section 1640, Rev. Laws 1910. Sections 1640, 1641, 1643, and 1644 are as follows:

"Apeals from Action of Board. From all decisions of the board of commissioners upon matters properly before them, there shall be allowed an appeal to the district court by any persons aggrieved, including the county by its county attorney, upon filing a bond with sufficient penalty, and one or more sureties to be approved by the county clerk, conditioned that the appellant will prosecute his or her appeal without delay, and pay all costs that he or she may be adjudged to pay in the said district court; said bond shall be executed to the county, and may be sued in the name of the county upon breach of any condition therein: Provided, that the county attorney, upon the written demand of at least seven taxpayers of the county, shall take an appeal from any action of the board of county commissioners when said section relates to the interests or affairs of the county at large or any portion thereof, in the name of the county, when he deems it to the interest of the county so to do; and in such case no bond shall be required or given and upon serving the notice provided for in the next section the county clerk shall proceed the same as if a bond had been filed."

"Same—Time and Manner of Taking. Said appeal shall be taken within twenty days after the decision of said board, by serving a written notice on one of the board of county commissioners, and the clerk shall, upon the filing of the bond as hereinbefore provided, make out a complete transcript of the proceedings of said board relating to the matter of their decision thereon, and shall deliver the same to the clerk of the district court."

"Same—Trial. All appeals thus taken to the district court shall be docketed as other causes pending therein, and the same shall be heard and determined *de novo*."

"Same—Order of District Court. The district court may make a final judgment and cause the same to be executed, or may send the same back to the board with an order how to proceed, and require said board of county commissioners to comply therewith by a mandamus or attachment as for contempt."

These various sections were adopted from Dakota, and have been construed by the Supreme Court of South Dakota in *Lyman County v. Board of Com'rs., Lyman County,* 14 S. D. 341, 85 N. W. 597, in which case the court said:

"In making the amendment of 1883, providing for an appeal by the county, the Legislature inadvertently omitted to expressly provide that, where an appeal is taken by the county, the notice of appeal shall be served upon the claimant. The intent of the Legislature is evident. The board of county commissioners is to be regarded as a tribunal to decide disputed claims against the county. Necessarily the claimant and county are interested in its decisions, and it was intended that either might appeal to the court, where the rights of the claimant could be adjudicated in the same manner that they would be in a suit against the county upon the same cause af action. The object of the written demand upon the state's attorney is to authorize an appeal on behalf of and for the benefit of the county; not for the purpose of giving the commissioners an opportunity to sustain their own decision. The statute does not require that such demand shall recite that those who sign it are taxpayers. If, as a matter of fact, the persons who sign the demand are taxpayers, their demand clothes the state's attorney with authority to take the appeal. In the absence of any showing to the contrary, it should be presumed that whenever a state's attorney takes one of these appeals he is authorized to do so. And when it is taken the commissioners have no more interest in its result than has the judge of the circuit court in the result of the appeals from decisions in his court. It could never have been intended that commissioners should be placed in the anomalous position occupied by the defendants in this case—of attempting to increase the amount of any claim, or of appealing

to this court from a judgment reducing the amount of an alleged claim against their county. This cause should have been docketed in the circuit court in the name of Dirks against Lyman county, where his cause of action should have been heard and determined precisely as it would have been if he had commenced an ordinary action thereon in that court. How his claim against the county can be lawfully adjudicated in a proceeding to which he is not a party, and of which he has no notice is beyond our comprehension. It is absurd to say that his claim could be reduced by the circuit court from $90 to $45 without his having an opportunity to be heard. The Legislature could not have intended any such ridiculous result, and, if it did, the procedure would be clearly unconstitutional, as depriving the claimant of his property without due process of law. Const. art. 6, secs. 2, 20. As it appears from the record before us that the claimant was not notified of the appeal to the circuit cuort, and that he was not notified of the appeal from that court to this, it follows that neither the circuit court nor this court ever acquired jurisdiction of the claimant's person, or had authority to hear and determine his right to the compensation alleged to be due him from Lyman county. It will be observed that the amendment of 1883 provides that, 'upon serving the notice provided for' in the succeeding section, 'the county clerk [now auditor] shall proceed the same as if a bond had been filed.' Comp. Laws, sec. 610. The notice intended is 'the written notice' mentioned in the next section. As heretofore shown, the Legislature could not have intended this written notice to be served upon one of the commissioners when the county appeals. We therefore construe the statute to mean that the written notice required to be served must in such cases be served upon the claimant. Such notice not having been served upon the claimant, the circuit court was without jurisdiction, this court is without jurisdiction, and the appeal is dismissed."

We have copied thus fully from the opinion for the reason that it appears to be entirely on all fours with the case at bar. Section 7, art. 2, of the Constitution provides:

"No person shall be deprived of life, liberty, or property, without due process of law."

No notice having been served upon the claimant in this case

that an appeal would be prosecuted from the order of the board of county commissioners allowing his claim, and not having been a party to the hearing in the district court, the order disallowing his claim without notice to him or a chance to be heard would be a deprivation of property without due process of law, and the judgment of the court would be void.

Following the opinion in *Lyman Co. v. Board of Com'rs., supra,* we hold that, when the county attorney, at the request of the taxpayers of the county, appeals from an order of the board of county commissioners allowing a claim against the county, notice to the claimant of said appeal is necessary to give the district court jurisdiction of the matter appealed from. Under the previous holdings of this court, where a void judgment is rendered, the case will be reversed and remanded.

The judgment of the court below is reversed, and this case is remanded.

All the Justices concur.