## SCRIVNER v. McCLELLAND.

No. 8474—Opinion Filed Oct. 9, 1917.

Rehearing Denied Nov. 6, 1917.

(168 Pac. 415.)

(Syllabus.)

1. **Appeal and Error — Theory of Parties Below—Pleadings.**

Where two separate causes of action are consolidated by the trial court by agreement of counsel for the respective parties, and both sides treat the pleadings as filed as constituting the pleadings in one cause of action, the Supreme Court must consider the cause and the pleadings thus filed upon the theory adopted by the trial court with the consent of counsel.

2. **Arbitration and Award — Conclusiveness of Adjudication.**

The award of arbitrators has the same force as the judgment of a court of competent jurisdiction, and a controversy thus adjusted cannot subsequently be retried in an action at law, unless the pleadings state facts sufficient to avoid the award.

3. **Pleading—Judgment on Pleadings—Motion.**

Pleadings examined, and held, that the trial court did not err in sustaining the defendant's motion for judgment on the pleadings.

Error from District Court, Garvin County; F. B. Swank, Judge.

Replevin by E. H. Scrivner against James H. McClelland, consolidated with a separate suit for injunction by McClelland against Scrivner, in which plaintiff Scrivner filed a cross-petition. Judgment for defendant, McClelland, on the pleadings, and plaintiff, Scrivner, brings error. Affirmed.

Stanley & Osborn, for plaintiff in error.

Marion Henderson and H. M. Carr, for defendant in error.

KANE, J. Originally this was an action in replevin for the recovery of the possession of certain personal property, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below. Hereafter the parties will be designated, for convenience, "plaintiff"

and "defendant," respectively, as they appeared in the court below.

After the action in replevin had been filed the defendant herein commenced a separate suit against the plaintiff herein 'wherein he prayed for injunctional relief. In his petition in this cause the defendant herein alleges in substance that he and the plaintiff entered into a contract whereby he rented to the plaintiff for the year 1914, about 400 acres of land in Garvin county; that in said contract it was agreed that the defendant should furnish the teams, machinery, harness, and feedstuffs, pay the blacksmith and repair bills, furnish seed for the planting, and that this plaintiff was to perform all the labor, and that the crops should be divided equally between the plaintiff and defendant, save and except that the defendant already had 80 acres of land broken for oats, and in consideration of that the plaintiff herein was only to receive one-third of the oats crop, and with the further exception that there was a trade between plaintiff and defendant relative to a lot of live stock, it was agreed that a tract of land on the place which contained about 20 acres of Johnson grass should all belong to the plaintiff for the purpose of providing feed for said live stock. Defendant further alleged that a serious disagreement arose between himself and the plaintiff herein concerning said contract, which resulted in the selection by written agreement of a board of arbitration to pass upon all the differences between plaintiff and defendant; that after fully hearing the matters in controversy an award was made of said differences in favor of the defendant; that notwithstanding the plaintiff herein agreed in writing to abide by the decision of the board of arbitration, he has positively refused to stand by said award and his own solemn agreement to do so in writing, and that he is in an unlawful and arbitrary manner attempting to acquire possession and control of the property involved in said arbitration, contrary to the award made therein: that plaintiff is a notorious brawler and trouble raiser, and that he is accustomed to making contracts with other people, and then scaring and frightening them away before the proceeds of the crop can be realized, thereby intimidating and causing them to lose their hard-earned substance. Wherefore he prays that the defendant, E. H. Scrivner, himself, his agents and representatives in any and every capacity whatsoever, be required to desist from coming upon the place hereinbefore mentioned consisting of about 400 acres, lying something like two miles east of the town of Maysville, in Garvin county, Okla.; that they be ordered and directed and commanded to not in any way interfere with the peaceful possession of this plaintiff in and to the lands and houses and crops now growing, or already grown, upon said lands for the year 1914; and that upon a final hearing of this cause that said injunction be made permanent. Thereafter the plaintiff filed his answer and cross-petition to the action last mentioned, the answer consisting of a general denial of each and every of the allegations in said complaint except as are hereinafter expressly admitted, and by way of cross-petition alleging in substance that the plaintiff faithfully performed the contract between himself and the defendant hereinbefore mentioned. The plaintiff admitted that he entered into written agreement of arbitration, and that the arbitrators' award is in favor of the defendant, as stated by him in his petition; but that said arbitrators grossly exceeded the scope of their authority and refused valid testimony in support of said claim, and that one of said arbitrators while engaged in the hearing of said cause requested the defendant herein to procure for him a bottle of white mule whisky to drink; that defendant did procure said whisky for said arbitrator, and that said arbitrator drank same against the plaintiff's protest while said hearing was in progress, and the said hearing is fraudulent and void for the reasons aforesaid. Thereafter the defendant herein filed what he entitles "reply to cross-petition" of the plaintiff, wherein he denies each and every allegation contained in said cross-petition, except such as are hereinafter admitted; and for further reply he reiterates his allegation as to the arbitration, its validity and result, and prays that the award of the arbitrators be confirmed in all things, and that the court render judgment for the amount of said award, and for any further relief that he may be entitled to in the premises.

About this time by agreement of the parties the trial court entered an order consolidating these cases as follows:

"Now, on this 27th day of January, 1915, it having been so agreed by the parties hereto, and the court finding such to be just and right, it is hereby ordered that the above-numbered cause and case No. 1997 on the docket of this court be consolidated and be hereafter styled case No. 1990 in this court."

On January 27th the plaintiff filed a motion in said consolidated causes to strike

from the reply of said defendant to the cross-petition of said plaintiff his prayer therein for affirmative relief not prayed for in his original petition, which motion was by the court overruled. On the same day the defendant filed a motion for judgment on the pleadings as follows:

"Comes now J. H. McClelland and moves the court for judgment in his favor on the pleadings in said consolidated causes"

—which motion was sustained and judgment entered as follows:

"On this 27th day of January, 1916, came on for hearing the motion of E. H. Scrivner to strike from the reply of J. H. McClelland in cause No. 1997 that portion of said reply asking affirmative relief, which motion the court overrules, to which E. H. Scrivner excepts.

"And thereupon the said E. H. Scrivner having filed an answer and cross-bill in said consolidated cases setting up arbitration and attempting to avoid the same, and reply of McClelland thereto having been heretofore filed, and said causes having been consolidated and merged under cause No. 1990, and all of the issues involved in both of the above causes having been merged under the cross-bill and in reply thereto, and the motion for judgment on the pleadings for McClelland, the court, after hearing the argument both for Scrivner and McClelland, and being well and sufficiently advised in the premises, is of the opinion that the attempt to avoid said arbitration by said Scrivner is insufficient in law to avoid same, and said motion for judgment on the pleadings on behalf of McClelland is sustained and judgment is rendered on said award in the sum of $1,023.82, with interest thereon, at the rate of 6 per cent. from the 24th day of September, 1914, until paid, against E. H. Scrivner, to which the said E. H. Scrivner excepts.

"It is therefore ordered, adjudged, and decreed by the court that the defendant, J. H. McClelland, do have and recover of and from E. H. Scrivner the sum of $1,023.82, with interest thereon at 6 per cent. until paid from the said 24th day of September, 1914, and for costs of this action, for all of which let execution issue at the request of the said J. H. McClelland.

"And thereupon the said E. H. Scrivner prays and is granted 90 days from this date in which to prepare and serve case-made upon the said J. H. McClelland for appeal to the Supreme Court of the state of Oklahoma, the said McClelland to have 10 days in which to suggest amendments, same to be settled and signed on 5 days' notice by either party.

"And the said E. H. Scrivner is hereby given 20 days in which to file supersedeas bond in the sum of $2,100, pending which time execution shall be stayed."

The only error assigned which we deem it necessary to notice is that the trial court erred in rendering judgment in favor of the defendant on the pleadings. We think this assignment of error is without merit. The reason urged by counsel for plaintiff why this assignment of error should be sustained is that the defendant did not pray that the award of the arbitrators be affirmed until he filed what he designates his "reply and cross-petition." On this point they say in their brief:

"By reason of the setting up of the cause of action on the award in the 'reply' instead of by petition, plaintiff in error was unable to make defense to same unless he filed 'an answer' to the 'reply' of defendant in error, for which pleading we were unable to convince ourselves there was any authority under our Code for filing."

It is quite true, as counsel contend, that the pleadings in question do not strictly follow the orderly sequence required by the Code in making up issues for trial. But this lack of order is readily accounted for by the consolidation by agreement of the parties of two separate and distinct causes of action, and thereafter treating the pleadings formerly filed in both cases as constituting the pleadings in but one cause of action between the same parties. It is quite apparent, though, that both of these causes of action had their root in the differences growing out of the contract between the plaintiff and defendant, which each mentions in his pleadings, and which were fully adjudicated by the award of the arbitrators. That whatever differences there were between the parties may be adjudicated in one action is tacitly admitted by counsel for the respective parties by their agreement to consolidate both actions and by treating the pleadings as filed as constituting the pleadings in one action, to which action was given the trial court number under which the action in replevin was filed. In such circumstances, this court is justified in viewing the cause and the pleadings filed therein upon the theory adopted by the trial court with the consent of counsel for the respective sides. Border et al. v. Carrabine, 24 Okla. 609, 104 Pac. 906.

From the pleadings before us we have no difficulty in gathering that the plaintiff and defendant herein formed a partnership in relation to the cultivation of a tract of land, by the terms of which the plaintiff was to furnish the land, teams, and stock, and the defendant was to do the work, each to have about half the crops and the increase of the stock. That some time after the execution

of this contract, a serious disagreement arose between the parties which resulted in each party signing a written agreement to arbitrate their differences. That in pursuance of this agreement, arbitrators were duly sworn and proceeded to try the cause and thereafter rendered an award, whereby they found the plaintiff indebted to the defendant in the sum of $1,023.82. That after the arbitrators announced their decision the plaintiff disregarded their award and attempted to take forcible possession of the same property involved in the controversy which was awarded to the defendant, and, being but partially successful, filed his action in replevin with the view of acquiring possession of any he could not get by force. This court has held that the award of arbitrators has the same force as the judgment of a court of competent jurisdiction, except that the successful party cannot have execution thereon without having the proper court to enter it as the judgment of the court. Deal v. Thompson, 51 Okla. 256, 151 Pac. 856. This also is the general rule. 3 Cyc. 521; Walden v. McKinnon, 157 Ala. 291, 47 South. 874, 22 L. R. A. (N. S.) 716. In the foregoing circumstances, the defendant was entitled to set up the award and request the court to enter the same as its judgment, unless the plaintiff set up in his pleadings sufficient facts to avoid the award, which, as we have seen, he does not claim to have done.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.