### HAMILTON, Co. Treas., et al. v. INTERNATIONAL BANK of HASKELL.

No. 13247—Opinion Filed Nov. 18, 1924.

Rehearing Denied Jan. 26, 1926.

(Syllabus.)

**1. Taxation—Assessment of Omitted Property—Notice of Appeal.**

In perfecting an appeal from the decision of the county treasurer in the matter of the assessment of omitted property, under section 9798, Comp. Stat. 1921, the notice of appeal must be served upon the county treasurer, and no other notice thereof is necessary.

**2. Same—Burden of Proof as to Notice.**

The county court will not dismiss an appeal taken from the decision of a county treasurer in the matter of the assessment of omitted property, under section 9798, Comp. Stat. 1921, because of the failure of the appellant to give proper notice of appeal, unless it be made to appear by affirmative proof that no such notice was given.

**3. Same—Time for Decision on Appeal—Statute Directory.**

Section 9799, Comp. Stat. 1921, requiring the county court to decide certain cases on appeal within 30 days, is merely directory, and the county court does not lose jurisdiction to determine a case and render judgment therein after the lapse of such 30-day period.

**4. Taxation—Syllabus Adopted.**

The syllabus in a case decided by this court entitled "In re Assessment of Durant National Bank," decided July 24, 1923, 107 Okla. 65, 230 Pac. 712, is made a part of the syllabus of this case as applicable to state banks as well as to national banks.

**5. Taxation—Syllabus Adopted.**

The syllabus in the case of "In the Matter of the Listed and Assessed Omitted Property of R. T. Daniel," decided by this court on this date, 108 Okla. 195, 235 Pac. 543, is made a part of the syllabus of this case.

Error from County Court, Muskogee County; Enloe V. Vernor, Judge.

In the matter of assessment of omitted property of the International Bank of Haskell. Judgment for the bank, and Fred Hamilton, County Treasurer, and another bring error. Affirmed.

Wm. A. Green. Co. Atty., Graham Moore, Asst. Co. Atty., and Neff & Neff, for plaintiffs in error.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for defendant in error.

LYDICK, J. This case arose in a proceeding before the county treasurer of Muskogee county wherein the treasurer, upon information furnished by a tax ferret and under the provisions of section 9798, Comp. Stat. 1921, assessed the International Bank of Haskell upon $15,000 of public building bonds as property alleged to have been omitted from taxation for the years 1910-1920, inclusive. The bank appealed to the county court, and there the state moved the county court to dismiss the appeal because no notice of appeal was served upon the tax ferret or county commissioners and because the county court did not try the case within 30 days. The court overruled the motion. The county court then held the burden of proof was upon the state. The bank then objected to the introduction of evidence on grounds which may be stated as follows, to wit: (1) That the bank could be assessed only as to its shares of stock and they were not covered by the treasurer's notice, made the basic pleading of the state in the case; (2) that if it could be said from such pleading that the state was attempting to assess the shares of stock of the bank, then it appears that the same had already been assessed for each of the years named and the state was merely endeavoring to re-assess said shares of stock at a higher valuation on the theory that the same had been undervalued by the assessor in the assessments already made and that the treasurer had no power to do this and that it could be done only by the county assessor, if it could be done at all, and that by proceeding under section 9597, Comp. Stat. 1921. The county court sustained this objection and rendered judgment against the state and in favor of the bank. The state appeals.

A fair interpretation of section 9798, supra, is that the procedure on appeal from the decision of the treasurer shall be merely analogous to the procedure on appeal from the decision of the board of county commissioners, as provided in section 5835, Comp. Stat. 1921. There the notice of appeal is served upon the officer rendering the decision appealed from, and so it should.

be done here. There the transcript is certified by the custodian of the records from which the transcript is made, and so it should be done here. Were we to interpret the statute otherwise, we would be requiring notice of appeal to be given to a county commissioner, who has nothing to do with the appeal, and provide no means for the county treasurer to discover that an appeal had been taken from his decision, although he is the representative of the state in the matter. We would be requiring the treasurer's record to be certified by the county clerk, who does not have the custody of the record, and the treasurer, who does have the custody of the record, would have no voice in saying whether or not the transcript was correct. There is no statute or rule of law requiring notice to be served upon the tax ferret. Want of service of notice of appeal cannot be inferred from the mere fact that proof of such service does not appear in the transcript. Even if the statute required notice upon someone other than the treasurer, the state's motion to dismiss could not be sustained, for it is not verified and no evidence was introduced to prove that no such other notice was given. See Burnett v. Davis, 27 Okla. 124, 111 Pac. 191; Fisher v. Spillman (Kan.) 118 Pac. 65; Frazier v. Nichols, 48 Okla. 33, 149 Pac. 1181.

Section 9799, Comp. Stat. 1921, requiring the county court to decide certain cases on appeal within 30 days, is merely directory, and the county court does not lose jurisdiction to determine a case and render judgment therein after the lapse of such 30-day period. A clearly analogous case is found in Kenney v. Heatherington 38 Okla. 74, 131 Pac. 1078, where we so held as to section 5, art. 7, of the state Constitution, requiring this court to decide cases here within six months after the same have been submitted for decision.

The county court ruled correctly that the burden of proof was upon the state. See In re Listed and Assessed Omitted Property of R. T. Daniel, decided by this court on this day, 108 Okla. 195, 235 Pac. 543.

In this case the treasurer has elected to particularly designate and describe all the property which in these proceedings he seeks to assess against the bank. The notice, by its terms, includes nothing except "public building bonds state of Oklahoma the fair cash value of the same being $15,000." While the proceeding begun before the treasurer is a summary one, yet the treasurer's notice to the taxpayer is the basic pleading of the state in the case. When the treasurer elects to thus clearly and definitely describe in his notice to the taxpayer the property sought to be assessed, the state is bound by that limitation in the proceeding and is entitled to introduce no evidence except on the question of the assessment of that particular property.

If the court can say as a matter of law that such property cannot be assessed against the taxpayer, why the introduction of evidence by the state would be futile and the county court, when the matter is before it on appeal, should sustain an objection to the introduction of evidence for the same reasons and upon the same theories that it would sustain the objection to the introduction of evidence by the plaintiff in an ordinary civil action where the petition failed to state a cause of action. It is definitely settled by statute and the decisions of this court that, under the present law, only shares of stock are assessable against a bank. It is true that during the first few years covered by this case the law provided that banks should be assessed upon "the net value of their moneyed capital surplus and undivided profits." but under that law a bank could not be assessed directly upon the value of items of personal property, such as bonds of any character, choses in action, or fixtures, or any other property except the items above quoted. This could not be done under that law any more than can such items here involved be directly taxed under the present law requiring assessment to be made directly upon the value of the shares of stock.

It is also settled that the county treasurer had no authority, during any of the years here involved, in a proceeding like this, to re-assess any property on the ground that the same had been undervalued in an assessment theretofore made according to law by the county assessor. That is possible, if at all, in a proceeding by the county assessor under the provisions of section 9597, Comp. Stat. 1921. See In re Assessment of Durant National Bank. 107 Okla. 65, 230 Pac. 712.

We think it is clear from the treasurer's notice to the taxpayer that he was seeking in this action to assess public building bonds against the bank, and we must sustain the bank's contention that it may be assessed only upon its shares of stock, or in the first years involved upon the value of its "capital surplus and undivided profits." Even if the bank could be assessed as to its personal property other than its shares of stock, it could not be assessed with these public building bonds, because they are not tax-

able. See In re Assessment First National Bank of Chickasha, 58 Okla. 508, 160 Pac. 469; In re First State Bank of Okla. City, 68 Okla. 88, 171 Pac. 864; Bretz. Co. Treas., v. El Reno State Bank, 71 Okla. 283, 177 Pac. 362. We did not hold to the contrary in the case of Board of Equalization v. State Bank, 77 Okla. 291, 188 Pac. 115. Even if the notice could possibly be construed to be an effort upon the part of the treasurer to reassess the shares of the bank's stock on the theory that the county assessor, in making his assessment, had determined the value of the shares by subtracting therefrom the value of the public building bonds, why, under our decisions above referred to, the treasurer had no authority so to do, and that which the county treasurer could not do in the hearing before him could not be done by the county court on appeal.

It follows that the judgment of the county court is a correct one and the same is affirmed.

McNEILL, C. J., and NICHOLSON, JOHNSON, MASON, WARREN, AND GORDON, JJ., concur.