**FIRST NAT. BANK OF GUTHRIE, Trustee, v. ACKORS et al.**
**and**
**WHITE· v. ADAMS.**

No. 12081—Opinion Filed April 7, 1925.

**Appeal and Error—Duplicitous Appeal—**

Where the parties have undertaken by one appeal upon one petition in error and one case-made to reverse two or more judgments, this court will dismiss such an attempted appeal for duplicity. Harper et al. v. Stumpff, 84 Okla. 187, 203 Pac. 194.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Action by J. A. Callander against Elias Ackors, John E. Gaffney and H. M. Adams, to quiet title, and action by H. M. Adams against Charles White for possession of real estate. Judgment for Adams in both cases, and Callander and White appeal by one petition in error and one case-made. Dismissed.

Fred W. Green, for plaintiff in error.

H. M. Adams, for defendants in error.

Opinion by THREADGILL, C. The record in this case involves two appeals, one from a judgment in an action to quiet title and the other from a judgment in an action for forcible entry and unlawful detainer. The latter action was commenced by H. M. Adams against Charles White and tried in the justice of the peace court and appealed to the district court and filed in said court March 4, 1920. Thereafter, March 22, 1920, the former action, being a suit to quiet title, was commenced by J. A. Callander against H. M. Adams, Elias Ackors, and John E. Gaffney. The same property was involved in both actions. Default judgments were taken in favor of Callander against Ackors and Gaffney and on November 5, 1920, the suit to quiet title was tried and judgment rendered for defendant, Adams, and, thereafter, on November 23, 1920, the possessory action was tried and resulted in judgment for the plaintiff, Adams. It was stipulated in the trial of the last case that the evidence in the first case tried should be considered as the evidence in the last case tried, and, in case of appeal, the two cases could be consolidated in one record, one case-made and one petition in error serve on appeal for both cases. The two cases have been consolidated, according to the agreement, in one case-made. the evidence in the first case tried serving as

the evidence in the second case, and in all other respects they are separate and distinct in the details making up the trial records; then there is one certificate of the trial judge settling the case-made and same is attached to one petition in error which sets out the errors complained of separately and the prayer that both judgments be reversed.

The defendants in error contend, upon the authority of Harper et al. v. Stumpff, 84 Okla. 187, 203 Pac. 194, that the double appeal presented here by petition in error and case-made cannot be entertained by this court and the errors complained of considered.

We think the contention is well taken. The two actions were of such a nature that they could not have been joined in the trial court, and, if they could not be consolidated and tried as one case in the court below, they could not be brought to this court by one petition in error and case-made. The case cited lays down the rule as follows:

"Where the parties have undertaken by 'one appeal, upon one petition in error and one case-made to reverse two or more judgments, this court will dismiss such an attempted appeal for duplicity."

We, therefore, recommend that the appeal be dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 355 § 109.