## FIRST NAT. BANK OF ADA v. SCHULTE et al.

No. 16283—Opinion Filed May 25, 1926.

Withdrawn, Corrected, Refiled, and Rehearing Denied Sept. 28, 1926.

### Appeal and Error—Duplicity of Appeal—Cross-Appeal.

Where the parties have undertaken by one appeal, upon one petition in error and one case-made, to reverse two or more judgments, this court will dismiss such an attempted appeal for duplicity, and this rule is equally applicable to an attempted cross-appeal.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Appeal from District Court, Pontotoc County; Porter Newman, Assigned Judge.

Separate suits by the First National Bank of Ada against W. F. Schulte and wife to foreclose two mortgages, in which the Oklahoma State Bank of Ada intervened; action by W. F. Schulte against the First National Bank of Ada and the Board of County Commissioners to reform a contract; and suit by W. F. Schulte against the First National Bank of Ada for a penalty for failure to release mortgages. From a judgment in the mortgage foreclosure cases in favor of the intervener and against plaintiff and from a judgment in the suit to reform a contract in favor of plaintiff, the First National Bank of Ada appeals, and in the two mortgage foreclosure cases and the case to recover a penalty W. F. Schulte brings cross-appeals. Both appeals dismissed.

Robt. Wimbish and W. C. Duncan, for plaintiff in error.

W. F. Schulte, for defendants in error.

B. C. King, for defendant in error Oklahoma State Bank of Ada.

Opinion by WILLIAMS, C. E. V. Estill et al., as taxpayers, in the name of the state of Oklahoma, commenced two separate actions as plaintiffs against the First National Bank of Ada, Okla., to recover a penalty against the bank pursuant to statutory provisions. The penalty statute in question provides that if the county commissioners shall enter into certain unlawful contracts, under certain conditions a taxpayer may have judgment against the parties guilty of the wrongful conduct for double the value of the property lost to the county. The statute further provides that one-half of the judgment shall go to the county, and the other to the plaintiff. W. F. Schulte and wife,

prior to this time, had executed separate mortgages to the Merchants & Planters National Bank; one for the sum of about $2,000, and the other for about the sum of $3,000.

The Merchants & Planters National Bank was liquidated, pursuant to an agreement, and taken over by the Oklahoma State Bank of Ada and the First National Bank. The agreement between the two banks in relation to the liquidation was that the payment of the Schulte notes should go to the Oklahoma State Bank of Ada.

The First National Bank of Ada commenced separate suits against W. F. Schulte and wife for the foreclosure of the two mortgages. W. F. Schulte answered in each foreclosure case that he had settled and satisfied the two mortgages sued on. The settlement was based upon a certain contract, a copy of which was attached to the answers, entered into between Schulte and the First National Bank. The contract purported to be an agreement between Schulte and the First National Bank, whereby the latter agreed to pay to Schulte and Estill $5,000 in cash, and did pay to them this sum, and further agreed with Schulte to procure the possession of certain notes and mortgages made by W. F. Schulte, and deliver the same to W. F. Schulte. The notes and mortgages described included the two sued on in separate causes above referred to. The Oklahoma State Bank of Ada intervened in the two mortgage foreclosure cases, and set forth in its answer that in the liquidation of the Merchants & Planters National Bank, it was agreed that if the First National Bank collected the two mortgage notes, the money was to be paid to the intervener. W. F. Schulte commenced a separate action against the First National Bank of Ada and the board of county commissioners, in which the contract entered into between the bank and Schulte for the settlement of the two taxpayers' suits was set forth. It was further alleged by Schulte that it was agreed that, in addition to making the payment of $5,000 to Schulte, and procuring the notes and mortgages above referred to and delivering the same to Schulte, the First National Bank agreed and bound itself to settle the interests of the county in the two taxpayers' suits. Schulte sought a reformation of the contract to the effect that it be reformed to show the omitted part of the agreement in which the First National Bank agreed to settle and satisfy the interests of the county. W. F. Schulte commenced his suit against the First National Bank of Ada for a penalty for its failure to release the

two mortgages sued on, which Schulte claimed that he had settled and satisfied as before stated. The four suits were pending in the district court of Pontotoc county under separate numbers and the issues joined in each of the cases. The trial of the mortgage foreclosure cases resulted in a judgment for the indebtedness in favor of the Oklahoma State Bank of Ada and against the First National Bank. The judgment further provided that if the First National Bank did not pay the judgment, the judgment for the amount of the indebtedness should go against Schulte. The judgment provided in addition thereto that if Schulte paid the indebtedness recovered in favor of the Oklahoma State Bank in the two foreclosure suits, then Schulte should have judgment against the First National Bank for the sums paid in settlement of the two judgments. The trial of the action for reformation of the contract resulted in a judgment in favor of Schulte and against the First National Bank, reforming the contract to show that the First National Bank agreed to settle and satisfy the interest of the county in the two taxpayers' suits. The trial of the cross-action instituted by Schulte for penalty against the First National Bank for failure to release the mortgages, resulted in judgment against Schulte. While the parties stipulated, and an order was accordingly made, that the four causes should be consolidated, it is evident that such consolidation was for the purposes of trial only; i. e., the court heard the evidence in the four cases together. Nevertheless, there still remain four separate causes of action. Separate journal entries of judgments were entered in the four causes. Separate motions for new trials were filed in each of the causes. Separate judgments were rendered in each of the causes overruling the motions for new trials.

The First National Bank attempted to appeal from the judgment in the reformation case and in the two mortgage foreclosure cases, by one petition in error and one case-made. Schulte attempted his cross-appeal herein from the judgment in the two mortgage foreclosure cases, and the judgment denying recovery of penalty by one petition in error and one case-made.

In First National Bank of Guthrie v. Ackors et al., 109 Okla. 228, 235 Pac. 185, and White v. Adams, 109 Okla. 228, 235 Pac. 185, this court held that, where the parties have undertaken by one appeal, upon one petition in error and one case-made, to reverse two or more judgments, this court will dismiss such attempted appeal for duplicity. Under

that rule, both attempted appeals should be dismissed.

Another ground for dismissing the appeal of plaintiff in error is suggested—that the record does not show the filing of the overruling of the motion for new trial. It is unnecessary to consider such ground.

For the reasons given both the purported appeal and the cross-appeal are dismissed.

By the Court: It is so ordered.

Note.—See 3 C. J. p. 354 § 108.