**INGLIS v. TRICKEY et al.**

No. 25085.   May 7, 1935.

Holtzendorff & Holtzendorff, for plaintiff in error.

Frank Ertell and H. P. Daugherty, for defendants in error.

CORN, J. L. R. Trickey and W. A. Trickey, doing business as the Chelsea Reporter, bring suit to ascertain their duty under a contract relating to the following prizes offered by them to increase subscriptions to their newspaper: (1) A Chevrolet automobile, or $500; (2) a trip to the World's Fair at Chicago, or $100; (3) 50% of all moneys collected by such contestant and turned in on subscriptions.

An advisory committee was to be chosen to act as judges, decision to be final, but in case of failure to agree the direction of the managers of the Chelsea Reporter was to govern. Shortly before the date fixed for closing the contest, the National Bank Moratorium was declared and the term of the contest was extended for an additional week. On Friday before the contest closed Saturday night, the paper published a notice that "only currency, gold, silver, post office money orders, cashier's checks and certified checks —no personal checks—will be accepted in the ballot box."

The judges met, counted and tabulated the results, and awarded the prizes as follows: First to Mrs. R. C. Inglis, who had 8,676,210 units; second to Mrs. H. A. Gruenberg, who had 8,028,255 units; third to Mrs. C. A. Olwin, who had 8,013,045 units.

On opening the ballot box, a county warrant for $105 was found in the envelope of Mrs. Inglis. The evidence is that, on the day before the termination of the contest, Mrs. Inglis called the manager, or editor, of the paper to ask if this warrant could be used in lieu of cash, and that he informed her that it would be accepted, but no definite agreement on the point was made.

The box was opened in the presence of one of the Trickeys and the contest manager, Mr. Forgey. They were asked about the rules, and one of them stated that the rules, in substance, were that gold, silver, and currency would be received, and that no personal checks would be cashed, but this was intended only to shut out personal checks. The judges then counted the warrant in favor of Mrs. Inglis, at the same time saying that they would count any warrants that might be produced by other contestants in their favor.

The awards were announced by the judges on Saturday night. On account of the disagreement, the editor, or someone on his behalf, called the judges together Monday, when they again met and discussed the matter, but stood equally divided on the question of reopening, and they did not reopen or rescind the award.

Trickey and Trickey promptly brought this action in interpleader in the district court in order to free themselves from any claim of partiality. A jury was waived and the case was tried before Judge Asa Walden, assigned district judge, who held that the crediting of the county warrant was improper. Judgment was thereupon rendered by the court in which the order of the prizes

was reversed and Mrs. Gruenberg received first prize, Mrs. Olwin second prize, and Mrs. Inglis third prize. Motion for a new trial was overruled.

The brief of plaintiff in error emphasizes the following points:

(1)    The offer was made publicly.

(2)    The published rules of the contest provided for a board of judges to be selected by the contestants, whose decision would be final.

(3)    The offer was accepted and acted upon by Mrs. Inglis.

(4)    The contestants selected the judges or arbitrators.

(5)    The decision of the judges was made and signed and they disbanded.

(6)    The decision was in favor of Mrs. Inglis.

(7)    The editors announced before and after the decision of the judges that such decision would be final and would be satisfactory to them.

From these propositions, plaintiff in error concluded that the offer could not be changed except with the consent of all interested parties; that the editors had the right to impose such conditions as they deemed proper for deciding disputes and to make the decision of the judges final; that, the award having been made in accordance with the rules, the successful party was entitled to the award so made; that the decision of the judges had the force and effect of a judgment, and that there was no right to go behind the award in the absence of fraud precisely pleaded and proved by clear testimony. Lastly, it is contended that the judges had a right to accept the county warrant at its face value in cash—

(a)    Because it was cashable at face value.

(b)    It was acceptable to the editors.

(c)    It was placed in the box by Mrs. Inglis in reliance upon the statement of the editors.

(d)    If plaintiff had the right to reject the warrant, it had waived that right.

A group of pertinent cases is cited and quoted from in support of the conclusions above stated.

The answer brief of Mrs. Gruenberg accepts the statement of facts presented by the plaintiff in error, names the judges of the contest, points out that there was present also at the time of the award, L. R. and

W. A. Trickey, owners, and their campaign manager, W. G. Forgey, and states that the judges reached their announced decision without having before them the written copy of the rules and did not receive such copy until the following day; that they relied upon statements made by Mr. Forgey regarding the rules and the notice.

Attorney for defendant in error also sets out the published notice, as follows:

"Important Notice.

"Only currency, gold, silver, post-office money orders, cashier's checks, and certified checks—no personal checks—will be accepted in the ballot box. Workers will, during the last week, have all checks made out to themselves personally and cash the same and deposit the money in the box. This ruling is made in fairness to all workers in the race and will be strictly adhered to."

This defendant also quotes the brief statement from the testimony of Mrs. Inglis, as follows:

"Mr. Forgey informed me over the telephone, and he said, 'I have several checks, it is surely hard on me, I don't know what to do with the little checks', and he said 'Your husband said you had a perfectly good warrant'; and I said, 'What about it?' and he said, 'Put it in the box.' "

Attorney also points out that the warrant was made payable to C. R. Inglis, the husband of the plaintiff, and it showed on its face that it was not payable for want of funds, that it bore the indorsement of C. R. Inglis, First National Bank, Bertha Stanfield, Stanfield Grocery, and it was evident that Inglis had negotiated the warrant and it had passed through the hands of persons whose indorsement had been placed thereon and it had come back to him.

Mr. D. C. Henry, a banker and one of the judges, testified that it was not possible to convert said warrant into cash. So far as authorities are concerned, the defendant in error states that she is willing to have the case reviewed and determined from a consideration of the authorities cited by plaintiff in error and calls attention to two Oklahoma cases: Scrivner v. McClelland, 67 Okla. 51, 168 P. 415; Deal v. Thompson, 51 Okla. 256, 151 P. 856.

In the first case it is held that the award of arbitrators has the same force and effect as a judgment of a court of competent jurisdiction, and a controversy thus adjusted cannot subsequently be retried in an action at law, unless the pleadings state facts sufficient to avoid the award, and defendant in error contends that in this case the pleadings made the validity of the award the very gist of the action.

In the Deal Case, the court held:

"The award of the arbitrators, **acting within the scope of their authority,** determines the rights of the parties as effectually as a judgment procured by regular procedure, and is as binding as a judgment **until it is regularly set aside or its validity questioned in a proper manner.**"

Counsel for defendant in error argues that the case was tried before the court, all evidence was presented, and the case having gone to trial on its merits, the decision should be final. He quotes from First Nat. Bank v. Melton & Holmes, 156 Okla. 63, 9 P. (2d) 703, to the effect that, where an action is tried to a court without a jury, the appellate court is precluded from weighing the evidence for the purpose of determining whether the court's findings were justified unless there is no evidence whatever to support the findings. He then quotes from Baldwin & Baker v. Saunders-Gibson Co., 148 Okla. 290, 298 P. 600, that where a jury is waived and a cause tried to the court, the judgment of the court must be given the same force as the verdict of a properly instructed jury and, if there is any competent evidence reasonably tending to support the judgment of a trial court, same will not be disturbed on appeal.

Attorney for defendant in error argues that the words "fairness" and "cash" were used emphatically throughout the contest and that the contestants had a right to accept the explicit terms of the proposal and that Mr. Forgey, or any one else, had no right to make special concession as the telephone conversation described by Mrs. Inglis.

The two briefs present three essential questions:

(1) Did the judges act within the scope of their authority in passing upon the admissibility of the county warrant?

(2) Did they reach a decision that amounted to an arbitration?

(3) What is the effect of the action of the district court in reviewing and in setting aside the judgment and award made by the chosen arbitrators?

From a careful review of the record in this case, it appears that there was no fraud perpetrated on any one. The pleadings wholly fail to allege fraud, mistake, or any other facts sufficient to avoid the award. The question of accepting the county warrant was the only controverted question and was within the scope of the authority of the

arbitrators, and it was passed upon and determined by the arbitrators or judges of the contest. It was their decision that warrants should be accepted and credited in settlement for subscription. The owners of the newspapers had agreed to accept the warrant before it was placed in the box, and the other contestants could have availed themselves of the same privilege had they been interested in so doing. It was not alleged that either of the other contestants lost a single subscription by reason of the impression they claimed to have had that warrants were not acceptable. The object of the contest was to increase the circulation of the newspaper, and the contestants were to be rewarded according to the actual results obtained. The plaintiff in error earned the greatest number of credits by her efforts in the contest, and the arbitrators evidently awarded her the first prize solely upon the merits of her services in the campaign for subscriptions.

The plaintiff in error did not consent to a reconsideration of the award by the arbitrators, nor a review of the award by the district court, but, to the contrary, objected to both, and therefore did not waive any legal right to have the award sustained and enforced in the district court action.

The award was in writing and was signed by all the judges or arbitrators, and was not void upon its face, and in the absence of an allegation of fraud, the award or decision became final and is res adjudicata of both the law and the facts.

In Carey v. Herrick (Wash.) 263 P. 190, it is held that common-law arbitrators have unlimited authority and are the final judges of both the law and facts, and their mistakes are not reviewable by the courts. In Burke Grain Company v. Stinchcomb, 70 Okla. 89, 173 P. 204, and in Deal v. Thompson, 51 Okla. 256, 151 P. 856, it is held that there is no statutory arbitration in this state and that, therefore, the common law prevails and is favored by the courts. In Morgan v. Teel, 109 Okla. 17, 234 P. 200, it is held that an award has the effect of a judgment of a court and cannot afterwards be retried in an action at law unless the pleadings state facts sufficient to avoid the award. This also is the holding of the court in Scrivner v. McClelland, 67 Okla. 51, 168 P. 415, and in Burke Grain Company v. Stinchcomb, supra, it is further held that the award has the effect of a judgment and is res adjudicata of all questions involved in the controversy upon which the award was made. In 5 C. J. 179, it is stated:

"An honest mistake of judgment in the conclusion of the arbitrators, etc., is not, as a general rule, ground of inpeachment of the award, whether the alleged mistake is one of fact or of law, or both. Although the court might have rendered a different decision, it will not substitute its judgment for that of the arbitrators."

This statement in the text is supported by a long list of citations appearing in the footnote. In Utah Construction Co. v. Western, etc., Company (Cal.) 162 P. 631, it is held that an award will not be set aside on the ground that it is contrary to the law or evidence, and every reasonable intent will be indulged to give effect to arbitration proceedings. In Putterman v. Schmidt (Wis.) 245 N. W. 78, it is held by the court that, notwithstanding the fact that certain facts were not presented to the arbitrators that might have been presented and it appeared that the facts submitted did not justify the award, such did not vitiate the award. The court further held that mistakes of judgment either of facts or law made by the arbitrators are not grounds for review or setting aside the arbitration or award. In Hooper v. Pennick, 102 Ore. 382, 202 P. 743, it is held:

"Every presumption is in favor of the fairness of awards," and "the burden of proof is on the person seeking to set aside an award" to impeach the same by clear and cogent proof.

In Frick v. Preston (Cal. App.) 19 P. (2d) 836, the court says:

"Now it is conceded that, if the arbitration was a general one, the findings of the arbitrators on questions of law as well as on the questions of fact are final and conclusive and may not be reviewed by the courts (except for fraud or similar misconduct or unless error appears on the face of the award)."

Thus, it may readily be observed from a review of these authorities how far the courts have gone in upholding arbitration proceedings and in giving force and effect to arbitration awards. In the instant case, in our opinion, the pleadings failed to set forth facts sufficient to authorize a review or retrial of the award by the district court, and the evidence was wholly insufficient to justify the setting aside of the award and of substituting therefor the judgment of the court.

The judgment of the trial court is hereby reversed, and the cause is remanded to the district court of Rogers county, with directions that said court enter judgment in said cause sustaining and enforcing the

award of the arbitrators or judges in said contest by ordering the prizes distributed according to said award.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.