**KENNEDY et al. v. STATE.**
**In re TAXATION OF ALLEGED OMITTED PROPERTY OF KENNEDY et al. FOR 1918.**

No. 25885. May 12, 1936.

Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiffs in error.

Sim T. Carman, Co. Atty., Ed. Waite Clark, and McCoy, Craig & Pearson, Special Counsel, for the State.

GIBSON, J. This is a tax ferret proceeding brought here from the county court of Osage county wherein the state sought to assess in the name of the respondents, S. G. Kennedy and the heirs of W. A. Springer, certain alleged omitted property of Kennedy and Springer for the years 1917, 1918, and 1919.

From that portion of the judgment of the trial court ordering the property assessed for 1918 the respondents have appealed, and from that portion of the judgment finding no omitted property for 1917 and 1919 the state has filed a cross-appeal.

The state moves to dismiss respondents' appeal on the theory, first, that the trial court rendered separate and several judgments against them based upon separate and several liabilities, and that respondents have joined in all the assignments of error. The state insists that these circumstances demand the application of the general rule that "a joint assignment of error must affect all jointly and not severally as to all who join in it, or it will be good as to none." Haley v. Wyte, 169 Okla. 406, 38 P. (2d) 910. Thus it is urged that the respondents having appealed from separate and several judgments, · their joint assignments of error are good as to none of them and, as a result, their appeal should be dismissed.

Secondly. the state says the appeal should be dismissed for duplicity in that the respondents have undertaken by one appeal, upon one petition in error and one case-made, to have said separate and several judgments reviewed by this court. In this connection it is urged that the following rule as restated in Curtis v. Mason & Hopkins, 155 Okla. 176, 8 P. (2d) 747, be applied:

"Where the parties have undertaken by one appeal, upon one petition in error and case-made, to review two or more judgments, this court will dismiss such attempted appeal for duplicity."

The property involved in respondents' appeal is the unpaid balance of a $2,500,000 note on January 1, 1918. That balance was $1,500,000, and 'the note was the joint property of Kennedy and Springer, delivered to them in part payment for an oil and gas mining lease. The interests of Kennedy and Springer were divided on January 15, 1918, when two renewal notes were executed, one to Kennedy for $750,000 and one to Springer for the same amount, both secured by one mortgage on the lease which was placed of record January 25, 1918, and the mortgage tax paid thereon. The trial court held that the note, less the credit thereon, became taxable on January 1, 1918, and was taxable notwithstanding the mortgage tax was paid January 25, 1918. Respondents resisted ad valorem assessment on the ground that the payment of the mortgage tax upon the mortgage given to secure the renewal notes relieved the original note from assessment as of January 1st. The trial court ordered the original note, less the credit thereon, assessed for 1918, but its judgment apportioned the liability between the owners of the note as their interests appeared. The state now says that the judgment being several, this appeal should be dismissed for duplicity.

The purpose of a ferret proceeding is to assess property that has escaped taxation. In making that assessment the property, if personalty, must be assessed in the name of the owner thereof on the particular assessment day. If owned jointly on that day by two or more parties, those parties may be joined in one proceeding for the purposes of assessment and the assessment may be made against all jointly, or it may be apportioned among them according to their respective interests, if timely request be made therefor. Such was the judgment in the instant case. The court adjudged the property taxable for 1918 and directed the treasurer to apportion the assessment among the parties according to their interests.

The state saw fit to commence separate actions where a joint action could have been instituted. All parties agreed in the record that these causes were consolidated for the trial and for appeal. The treasurer and the county court assented to such consolidation. They treated the pleadings, which consisted

of the notices to the taxpayers and their response, as the pleadings in a single cause of action. In such case this court will consider the cause upon the theory adopted by the trial court with the consent of the parties, and will assume jurisdiction of the appeal. Scrivner v. McClelland, 67 Okla. 51, 168 P. 415. There we held as follows:

"Where two separate causes of action are consolidated by the trial court by agreement of counsel for the respective parties, and both sides treat the pleadings as filed as constituting the pleadings in one cause of action, the Supreme Court must consider the cause and the pleadings thus filed upon the theory adopted by the trial court with the consent of counsel."

Where several judgments are entered in consolidated causes and appeal is taken upon one petition in error and one case-made, the Supreme Court, in furtherance of an agreement of the parties to consolidate for purposes of appeal, will not dismiss the appeal for duplicity. Berryman v. Bonaparte, 155 Okla. 165, 11 P. (2d) 164, 166-167.

An examination of the decisions of this court wherein appeals were dismissed for duplicity reveals that in each instance there had been a consolidation of causes in the lower court for purposes of trial only. Harper v. Stumpff, 84 Okla. 187, 203 P. 194; First National Bank v. Ackors, 109 Okla. 228, 235 P. 185; First National Bank v. Schulte, 119 Okla. 241, 249 P. 376; Callahan v. Nida, 86 Okla. 279, 207 P. 966; Reynolds v. Frensley, 171 Okla. 463, 43 P. (2d) 86.

Duplicity of appeals does not present a jurisdictional question. The rule against duplicity is one merely to insure due and orderly process on appeal and to avoid undue confusion. City of Duncan v. Abrams, 171 Okla. 619, 43 P. (2d) 720; Bradshaw v. Sexton, 172 Okla. 204, 44 P. (2d) 80. In the latter case we said:

"* * * The rule of this court to dismiss for duplicity is not an absolute and invariable rule; where the two judgments relate to the same matter and are not so foreign to each other that their combination in the same petition in error, and in the briefs, causes confusion, we see no reason why we should necessarily dismiss for duplicity."

In the instant case there was but one judgment, although the court did fix the several liabilities of the parties. It related to the same matter: the taxable status of the note on January 1, 1918. All questions of law and fact affected the respondents alike. All respondents joining in one petition in error could not possibly cause confusion.

We hold, therefore, that the judgment in the present case is properly reviewable on one petition in error and that the appeal is not duplicitous.

We come again to the rule expressed in Haley v. Wyte, supra. In the instant case the respondents have joined in all the assignments of error, and the state insists that each assignment affects the parties severally and not jointly, and therefore nothing is presented here for review. It is urged that, although the errors complained of may have been common to all parties by affecting them alike, such is not the test to be applied under the rule here considered. The state contends the true test to be, Do the errors complained of affect the parties jointly or severally? If jointly, they may be assigned jointly; if severally, they may not.

We cannot agree with this contention. The rule stated in the Wyte Case is apparently a summarization of the general statement of the text in 3 C. J. 1352, dealing with this question. The rule as there expressed well applies to the circumstances of that particular case, but is not a definite and complete statement of the rule of law applicable to cases of this character. The true rule is as stated in 3 C. J. 1352, and followed by this court in Niles v. Citizens Nat. Bank, 110 Okla. 146, 236 P. 414, and from which the rule was adopted in the Wyte Case. It is there stated as follows:

"Upon a joint assignment of errors one of several plaintiffs in error cannot avail himself of errors which are not common to all his co-appellants, but affect him alone."

In such case the parties are affected jointly or severally, dependent upon the ultimate effect of the appellate court's ruling on such assignment. If the rule of law to be expressed in relation thereto affects all alike who join therein, the assignment is common to all and is good as to all. A party's individual rights may be preserved upon a several or upon a joint assignment of error, but if the error be jointly assigned, the relief, if any, is also joint, and if each party joining in the assignment is not entitled to the relief, the assignment will not be considered. The relief sought by the assignment is the criterion. If the relief sought is common to all, the assignment will be good as to all.

In the instant case each joint assignment sought a ruling of this court which, if expressed, would grant to each party the exact

relief sought by all. The assignments were therefore common, or joint, as to all the parties and good as to all.

Respondents assign as error the action of the trial court in overruling their motion to dismiss the state's appeal from the order of the county treasurer.

This assignment challenges the sufficiency of the notice of appeal served by the state in its appeal from the treasurer's order, wherein the treasurer adjudged that the respondents owned no omitted property for the years 1917, 1918, and 1919.

Upon the filing of the transcript of the treasurer's proceedings in the county court respondents appeared specially and moved the court to dismiss the appeal on the ground that the transcript failed to disc'ose jurisdiction in the county court over the appeal in that it contained no notice of appeal upon them, and upon the further ground that no notice of appeal was ever served upon them or any of them, thus depriving the county court of jurisdiction of the subject-matter and the parties in that no appeal was actually taken.

Evidence was taken on this motion and the court reserved its judgment thereon until trial on the merits was concluded, at which time the motion was overru'ed.

The county court derives its jurisdiction of proceedings to assess omitted property by the provisions of section 12346, O. S. 1931, which reads in part as follows:

"An appeal may be taken to the county court from the final action of the treasurer within ten days by giving notice thereof in writing and filing an appeal bond, as in cases appealed from the board of county commissioners to the district court."

The remedy of the losing party before the treasurer is by appeal, and in prosecuting the appeal a substantial comp'iance with the provisions of the foregoing statute is essential. In re Assessment of Kennedy, 167 Okla. 248, 250, 29 P. (2d) 112.

The treasurer's transcript filed in the county court contained a notice of appeal served by the state upon the treasurer. This notice was filed in due time and requested the treasurer to prepare transcript of his proceedings for purpose of appeal.

The state contends that this notice constituted full compliance with the statute and was sufficient to confer jurisdiction on the county court. Hamilton v. International Bank, 114 Ok'a. 28, 242 P. 858, is relied on as authority for this proposition. There it was held:

"In perfecting an appeal from the decision of the county treasurer in the matter of the assessment of omitted property under section 9798, C. O. S. 1921 (sec. 12346, O. S. 1931), the notice of appeal must be served upon the county treasurer, and no other notice thereof is necessary."

This statement was contained in paragraph 1 of the syllabus of that case and would seem to lay down a rule governing all appea's in such cases, whether the same is taken by the state or by the taxpayer. An examination of that case reveals that the rule announced, although general in its terms, is limited in its application to cases where the taxpayer is the appealing party. The court was called upon to determine the proper official upon whom the taxpayer should serve notice of appeal, and after due consideration of the controlling statutes, it was determined that section 12346, supra, requires that "the procedure on appeal from the decision of the treasurer shall be merely analogous to the procedure on appeal from the decision of the board of county commissioners, as provided in section 5835. C. O. S. 1921 (sec. 7680, O. S. 1931). There the notice of appeal is served upon the officer rendering the decision appealed from and so it should be done here." There the state moved to dismiss the appeal for want of service of notice upon the ferret or the county commissioners, and the court properly held that, although section 12346 required appeals in such cases to be taken as provided for appeals from the board of county commissioners, a fair interpretation of such statute required that notice be served upon the treasurer, the officer rendering the decision appealed from. Thus the rule as expressed grew out of the special circumstances of the case and was applied specifically to appeals taken by the taxpayer and not necessarily to appeals by the state. Since the statute allows appeals to be taken as in cases of appeals from the board of county commissioners, as provided in section 7680, O. S. 1931, this court, in view of its former interpretations of said section, cou'd not have intended by the rule in the Hamilton Case to deprive the taxpayer of his right to notice of appeal in ferret cases.

Where appeal is taken by the county from a decision of the board of county commissioners allowing a claim, the claimant is entitled to notice of such appeal. Board of Commissioners v. Beaver County, 45 Ok'a. 526, 146 P. 434; Cherokee County Publishing Co. v. Cherokee County, 48 Okla. 722, 151 P. 187. In the Beaver County Case it was held as follows:

"Where an appeal is taken by the county attorney under section 1640, Rev. Laws 1910, notice of such appeal must be served on the claimant in order to give the court jurisdiction, though section 1641, requiring such notice to be served on the county commissioners, does not expressly require it."

To the same effect was the holding in the Cherokee County Case, as follows:

"To effect an appeal from the action of a board of county commissioners in allowing a claim filed against the county, it is necessary to serve notice of appeal upon the claimant. for the reason that the judgment of the district court in reversing the action of the board in allowing his claim, without a chance to be heard, would be a deprivation of property without due process of law; but, if the claimant appears and takes part in the trial in the district court, or otherwise seeks to call into action the powers of the court, by motion, demurrer, or answer, without in some way objecting to the jurisdiction of the court for failure to serve notice of appeal on him, he will be held to have waived such notice, and the court would have jurisdiction and power to render proper judgment therein."

In the face of those decisions and the statute. we hold that written notice upon the taxpayers was necessary in this case and that notice upon the treasurer was insufficient to confer jurisdiction on the county court. Proper written notice is therefore jurisdictional, but may be waived, as stated in Cherokee Co. Pub. Co. v. Cherokee Co., supra.

Inclusion of the necessary written notice in the transcript is unnecessary to confer jurisdiction of the appeal upon the county court, This for the reason that it may be waived in the county court by the taxpayer; that such is the case is further made clear by the court in Hamilton v. International Bank. supra, where it was said:

"Want of service of notice of appeal cannot be inferred from the mere fact that proof of such service does not appear in the transcript."

The state attempted to prove that the respondents, through their attorney and the respondent Kennedy, had orally waived notice prior to the appeal, or had agreed to the appeal, and knew the same was to be, or had already been, taken. Such facts, if proved, would not invest the court with jurisdiction of the parties. An examination of the cases involving such appeals reveals that the courts treat the notice of appeal as analogous in all respects to summons in the ordinary civil action. The office of either is

to acquire jurisdiction of the person. Service must be had in the mode authorized by statute. In this state general appearance is equivalent to service (section 175, O. S. 1931), and a party may confer jurisdiction upon the court by waiver of service and entrance of general appearance in writing filed in the cause. Wooden v. Wooden, 113 Okla. 81, 239 P. 231; section 175, O. S. 1931.

However, mere knowledge of the existence of an action, no matter how clearly brought to the attention of a party, will not supply the want of compliance with the statutory or legal requirements as to service. 15 C. J. 798, sec. 96.

It is true, the statute does not in direct terms require notice to be given to the taxpayer in appeals of this kind, and therefore, as stated by the court in the Cherokee County Case, "the case does not come within the rule that, where the statute provides for certain means or ways for appeal the manner provided must be strictly followed, to the exclusion of all other ways." This, however. means that the giving of notice to the taxpayer and incorporating the same in the transcript is unnecessary to perfecting the appeal. A statutory jurisdictional question is not involved in that respect. The one question involved is that of due process of law, and in order to fulfill that requirement, the court must, in addition to other requirements, obtain jurisdiction of the parties. That must be accomplished by recognized legal methods.

There is evidence that a copy of the notice as served on the treasurer was mailed to an employee of respondent Kennedy, and that this employee advised Kennedy and the attorney for the respondents that an appeal had been taken. The state says that this was a sufficient compliance with the statute; that by such notice the respondents had their opportunity to be heard. and were thereby given their day in court. The Cherokee County Case is relied upon as authority for this proposition. That case is authority for the proposition that the trial court must obtain jurisdiction of the parties in some manner authorized by law and that a general appearance fulfills that requirement even in the absence of notice of the appeal. In the instant case the fact that the respondents had knowledge that an appeal was contemplated, or had been actually taken, did not fulfill the legal requirements necessary to confer on the court jurisdiction of the parties. The decision in the Cherokee County Case in no

manner attempts to restrict or enlarge the previously recognized methods of obtaining jurisdiction of the parties in legal proceedings. It stands for the propostion that notice in cases of this character is not a condition precedent to and necessary to jurisdiction on appeal where general appearance is entered after transcript is lodged in the appellate court, and that such general appearance fulfills the due process of law requirement which is usually met by proper service of process.

The respondents at no time entered a general appearance, and no proper notice was served upon them sufficient to confer jurisdiction on the court. Their special appearance on motion to dismiss appeal should have been sustained. The order denying the motion, which was incorporated in the case-made by amendment, was error. The cause is therefore reversed and remanded, with directions to dismiss the appeal.

McNEILL, C. J., and BUSBY, PHELPS, and CORN, JJ., concur. OSBORN, V. C. J., and RILEY and WELCH, JJ., dissent. BAYLESS, J., absent.

OSBORN, V. C. J., concurs in the rules of law announced in paragraphs 1 and 2 of the syllabus but dissents to that part of the opinion holding that on an appeal by the state from the county treasurer to the county court notice must be served upon the taxpayer.