## BURKE GRAIN CO v. STINCHCOMB.

No. 8701—Opinion Filed May 21, 1918.

(173 Pac. 204.)

1. Corporations—Assets—Interest of Stockholder—Parties.

A corporation sold to L. a lot of corn, and upon a disagreement arising between the said parties as to the liability of L. in overdrawing for the purchase price of said corn the matter was submitted under a written agreement to a board of arbitrators, and an award made in favor of the corporation, and upon failure of L. to comply with such award action was brought by said corporation against L. to recover the amount of such award, to which L. pleaded a want of proper parties plaintiff, upon the ground that a stockholder of the corporation purchased from other stockholders shares of stock in said corporation, and an agreement was entered into between such stockholders that, the claim here sued upon being a doubtful claim, if collected, the proceeds thereof be divided between said stockholders, to which agreement the corporation was not a party. Held, that the only way that a corporation can be divested of its assets is by the act of the corporation, and that no interest vested in said stockholder by reason of said agreement to divide the proceeds of the claim when collected, and that therefore such stockholders had no interest in the subject-matter of the suit, and the said corporation was the only proper party plaintiff to same.

2. Arbitration and Award—Common Law Award—Res Judicata.

While the statutes of this state do not provide for an arbitration, an arbitration under common law may be held, and the courts favor settling of disputes by such arbitration and encourage the same, and when an arbitration is had and an award made, and the arbitrators acted within the scope of their authority, and no legal grounds for attack upon said award is shown, the award determines the rights of the parties as effectually as a judgment, and is res judicata of all questions involved in the controversy upon which the award was made.

(Syllabus by Collier, C.)

Error from County Court, Oklahoma County; Wiliam H. Zwick, Judge.

Action by the Burke Grain Company against L. Stinchcomb, doing business under the name and style of the Stinchcomb Grain Company. Judgment for defendant, motion for new trial overruled, and plaintiff brings error. Reversed and remanded, with instructions to set aside the judgment and to render judgment for plaintiff.

Oliver C. Black, for plaintiff in error.

Everest & Campbell, for defendant in error.

Opinion by COLLIER, C. This action was commenced in the county court of Oklahoma county by the plaintiff in error against the defendant in error to recover the sum of $234.36, on account of overdrafts upon the sale of six cars of corn, and averred that the said matter had been adjusted by arbitration by and between the parties to this action, and that the board of arbitration had awarded the plaintiff herein the sum of $234.36, and that said defendant in error refused to abide by said arbitration decision, although he had previously agreed to do so, in writing.

The defendant filed an unverified answer, denying the allegations of the petition, and set up in said answer a cross-action, in which he prayed for costs. A supplemental answer was filed by defendant, which is in the following words:

"Comes now the defendant in above entitled and numbered cause, leave of the court first having been had and obtained, and files this supplemental answer, and by way of additional defense alleges that said plaintiff in this action is not the real party in interest, in that any recovery that may be had will become the property of the heirs at law of William Burke, and of other persons whose names are unknown, and who are not stockholders of the plaintiff, and to whom there has been an assignment of the cause of action herein sued upon.

"Said defendant prays that this supplemental answer be considered as part of, and in connection with his original answer filed herein, and that by reason of the facts as herein stated the plaintiff take nothing by this action, and that the defendant recover his costs."

To said answer of the defendant the plaintiff filed a reply denying each and every material allegation contained in said answer and supplemental answer. By agreement the case was tried to the court, a judgment rendered by the court in favor of the defendant upon the ground that there is a defect of parties plaintiff, to which judgment the plaintiff in error duly executed. Timely motion was made for a new trial, which was overruled, and excepted to, and an appeal perfected to this court. Hereinafter the parties will be designated as they were in the trial court.

The answer in this case is not verified, and therefore it is admitted that the plaintiff is a corporation, and it was entirely unnecessary on the part of the plaintiff to offer evidence to prove that plaintiff was a corporation, and it is therefore unnecessary to recite the evidence as to the fact that plaintiff was a corporation.

The material uncontradicted evidence was that the corporation was winding up its business preparatory to a final winding up or dissolution of the company; that Mrs. Burke owns practically all of the stock of the Burke Grain Company; that prior to Mr. Burke's death one Mr. Harroun, or Mr. W. H. Harroun's family, owned a block of this stock, and sold their stock to Mr. Burke; that the company did not transfer any of its assets to Mr. Burke, or Mrs. Burke, or any of its stockholders; that the Burke Grain Company owns the assets; that Mr. Burke did not own the entire assets of the company, never owned any of the assets, but that he owned stock of the company, in the sense that ownership of the stock would amount to ownership of the assets; he owned all of the assets of the company represented by his stock, but he never owned any of the assets of the company; the assets of the company always belonged to and still belongs to the company; that at the time Burke bought the Harroun stock there were certain doubtful claims, including the claim here sued on, and that it was agreed between Harroun and Burke that when the assets of the company represented by these doubtful claims were distributed by the company a certain part of them should go to Harroun's family and a certain part to Burke, but this was an arrangement simply between Burke and Harroun, to which the corporation was not a party whatever; that the claim in this suit was never assigned or transferred by the corporation to either Burke or Harroun or any other stockholder or any other person; that the corporation was still intact and annually making its reports to the United States Internal Revenue Department, and that the company had nothing whatever to do with the arrangement between Harroun's family and Burke, by which it was agreed that, when the affairs of the company were finally wound up and the assets divided, the proceeds of certain assets, instead of going to Burke, who had bought the Harroun stock, should be divided between Burke and Harroun's family; that that was simply a private arrangement between them, and the company had nothing to do with it; that in the sense in which the transaction between Harroun and Burke was, it may be said that he was interested, but he was not interested in the sense that he or his family own the claim sued on or any part of it.

Prior to the instiution of the suit, the plaintiff and defendant, the defendant do-

ing business under the name and style of the Stinchcomb Grain Company, entered into an agreement, which was offered in evidence, and is in the following words and figures, to wit:

"We, the parties interested, mutually agree to abide by the decision of the arbitration committee of the Oklahoma Grain Dealers' Association with the right to appeal to the Tri-State appeal committee. It is further understood and agreed between the parties to this arbitration that the findings of the board shall be final determination of the matter in controversy between the parties of this arbitration, and shall be binding and have the same force and effect as a judgment of a court of record"

—and also offered in evidence a copy of the decision of the arbitration board of the Oklahoma Grain Dealers' Association at Oklahoma City, which award is in the following words and figures:

"Decision of the Arbitration Board of the Oklahoma Grain Dealers' Ass'n. In Session at Oklahoma City May 17, 1913. Burke Grain Co., St. Joseph, Mo. v. Stinchcomb Grain Co., Oklahoma City.

"In the consideration of the above-entitled case, we find that the contention of the defendant that the plaintiff violated his contract by refusing to honor the defendant's drafts is not well taken. We hold that it is no violation of contract when it appears as it did in this case that the shipper had overdrawn on the shipments, for two reasons: First, the contract specifically provided that there should be sufficient margin left to make sure that there would be no overdraft arising from shortage in weights or differences in grades; second, this defendant knew when he was making these drafts, even after the agreement was entered into to leave a 1-cent margin, that he was overdrawing unless he got a much more liberal inspection at destination than was placed on the grain by the chief grain inspector of the Omaha Grain Exchange, where the shipments were made from.

"It is a well-established fact that any purchaser is clearly within his rights to refuse the payment of or ask for the reduction of a draft for cause, and thereby does not violate his contract or release the shipper from his.

"It is therefore ordered that this defendant, the Stinchcomb Grain Company, pay the plaintiff the full amount of their claim, $234.36, and we assess the costs of this arbitration to the said defendant.

        "U. T. Clemmons.
        "Fritz Straughn,
        "J. F. Stinett.
"Attest:
  "C. F. Prouty, Secretary."

It was admitted by the defendant that the execution of the said agreement to arbitrate and the award of the arbitration board were duly executed.

The defendant offered no evidence whatever in support of his cross-action, or in defense to the action, except a defect in the parties plaintiff, pleaded in his supplemental answer.

There is but one question involved in this litigation, and that is: Was there a defect in the parties plaintiff?

There is but one way that the assets of a corporation can be disposed of, and that is by the act of the corporation, and the agreement had between Burke and Harroun as to a division of doubtful claims in addition to whatever may have been paid by Burke in purchase of the stock of said company was not the act of the company, and in no wise affected ownership of the claim as against the plaintiff. The plaintiff not being a party thereto, Harroun did not acquire any legal title to or any interest in the claim which is the basis of this action, and therefore the only proper party plaintiff was the corporation.

No attack whatever was made by the defendant in regard to the award offered in evidence in this case.

While it is true that our statutes do not provide for an arbitration, yet the common law of arbitration prevails in this state, and the courts of this state favor the same.

Where an arbitration is had, and the board of arbitrators acts within the scope of its authority, and notice of the time of hearing is given the parties, and the evidence received, and the amount of award is not so excessive as that fraud may be presumed therefrom, the award made by such arbitrators determines the rights of the parties as effectually as a judgment by regular legal procedure, until it is regularly set aside or its validity questioned in a proper manner. Deal v. Thompson, 51 Okla. 256, 151 Pac. 856.

Where the arbitrators act within the scope of their jurisdiction, and their action is free from attack, the questions involved in said arbitration are res judicata, and should not be reopened by a court (2 R. C. L. § 36, and cases there cited), and therefore, it being conclusively shown that the corporation was the sole necessary party plaintiff in this action, the award of the arbitrators not being attacked in any way, and the defendant not offering any defense to the action, the plaintiff upon the introduction in evidence of the award made a prima facie case which entitled him to recover, and the action of the trial court in holding that there

was a defect of parties plaintiff having no basis whatever in law or in fact upon which to stand, the trial court committed reversible error in its judgment rendered.

This cause is reversed and remanded, with instructions to the trial court to set aside the judgment rendered in favor of the defendant, and to render judgment for the plaintiff in the sum of $234.36, with interest thereon from May 17, 1913, and costs.

By the Court: It is so ordered.