## MORGAN et ux. v. TEEL.

No. 12770—Opinion Filed Feb. 10, 1925.

Rehearing Denied March 17, 1925.

**Arbitration and Award—Effect—Conclusiveness.**

Arbitration is the submission of a disputed matter to selected parties and the

substitution of their award or decision for the judgment of a court; and the award of arbitrators has the same force as a judgment of a court, and a controversy, adjusted or settled in this manner, cannot afterwards be retried in an action at law, unless the pleadings state facts sufficient to avoid the award.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County.

Action by J. C. Teel against John H. Morgan and Anna A. Morgan. Judgment for plaintiff, and defendants bring error. Affirmed.

W. C. Stevens and Bond & Morris, for plaintiffs in error.

Womack, Brown & Cund and H. Grady Ross, defendant in error.

Opinion by JARMAN, C. The petition of the plaintiff, J. C. Teel, as amended, alleges: That on or about January 1, 1920, the plaintiff rented from the defendants, John H. Morgan and Anna A. Morgan, certain lands for pasture and agricultural purposes for the year 1920 and 1921; that the land in question was owned by the defendant Anna A. Morgan; that the defendants were to furnish certain live stock which was to be fed out of the feed-stuff grown on the premises, and the plaintiff was to look after and care for said live stock and the plaintiff and the defendants were to share equally in the proceeds derived from the sale of said live stock; that the defendants purchased certain hogs which were handled in the same manner, and the plaintiff was to receive two-thirds of the proceeds derived from the sale of said hogs and the defendants were to receive one-third of said proceeds; that, during July of 1920, the defendants leased said premises for oil and gas purposes and the lessees and their assigns went upon said premises and interfered with the possessory rights of the plaintiff therein, and, during the early part of 1921, differences arose between the plaintiff and the defendants relative to the use and occupation of said premises, resulting in Anna A. Morgan, by and through her agent, John H. Morgan, entering into a written agreement with the plaintiff to arbitrate their different claims, and in keeping therewith three arbitrators were selected to settle said differences, resulting in their awarding to the plaintiff the sum of $1,650 as the value of the use of the leased premises for the remainder of the year, 1921, and upon condition that the plaintiff should sur-

render possession thereof, and, on the same date and in a separate agreement, the defendant Anna A. Morgan, by and through her duly authorized agent, John H. Morgan, agreed with the plaintiff that the live stock on the premises at that time should be advertised and sold at public sale and the proceeds divided according to their several interests therein; that the award of the arbitrators and this special agreement to sell the live stock were made on February 24, 1921; that, in pursuance of said agreement, bills were printed, advertising the sale of said stock to be held on March 11, 1921, but, on March 2, 1921, the defendant Anna A. Morgan notified the plaintiff that she would not be bound by the arbitration, and the plaintiff took no further steps to sell any of the live stock.

The plaintiff prays for judgment sustaining the award made by the arbitrators and for the sale of the live stock and for a division of the proceeds derived therefrom, according to the interests of the parties as above set out.

The defendants admit that the live stock was to be furnished to the plaintiff on the basis set out in the amended petition of the plaintiff, and allege that said stock was to be fed out of the feed-stuff grown on said premises, but that, during the year of 1920, the defendants furnished feed for said stock in the sum of $355 which was exclusive of and in addition to that produced on the premises during the year 1920; that the plaintiff did not prepare the ground for crops nor do anything towards planting and raising crops on said land during the year 1921, but was letting the same lie out, to the damage of the defendants in the sum of $800; that the plaintiff had not cared for and looked after the stock in the proper manner and as agreed to; and the defendants pray for judgment against the plaintiff for the damages suffered and that the sale of said stock be proceeded with.

Upon the issues thus joined, judgment was rendered for the plaintiff, sustaining the award, in the sum of $1,612.50, and giving the defendants the possession of said premises upon the payment of said award; from which judgment the defendants have appealed.

The defendants urge two propositions for the reversal of this cause:

First. That the arbitration was not binding upon the defendant, Anna A. Morgan, for the reason that John H. Morgan had no authority to bind her in any agreement with respect to arbitration.

Second. That the plaintiff was not entitled to the award of $1,612.50, and also the possession of the land for the year 1921.

The defendants are not in position to urge their first proposition herein for the reason that the matters which they now seek to have the court to consider for the purpose of avoiding the award made by the board of arbitrators was not pleaded by them, and it is plain from an examination of the record and the pleadings in the case that this proposition is an afterthought. The case was not tried on that theory. Arbitration is a submission of disputed matters to selected persons for their determination and the substitution of their decision or award for a judgment by courts, and this method of settling controversies is recognized by the common law and as we have no statute on the subject, the common law prevails. Deal v. Thompson, 51 Okla. 256, 151 Pac. 856. The award or decision of the arbitrators has the same force and effect as the judgment of a court, and disputed matters which are thus adjusted cannot afterwards be retried in an action at law unless the pleadings state facts sufficient to avoid the award. Scrivner v. McClelland, 67 Okla. 51, 168 Pac. 415. The facts pleaded by the defendants are insufficient to avoid the award of the arbitrators, and in fact no attempt was made by the defendants in their pleadings to avoid said award, and, therefore, the first proposition submitted herein cannot be considered.

As to the second proposition, that the plaintiff is not entitled to the award of $1,612.50 and also the possession of the land for 1921, it is sufficient to say that the judgment of the trial court does not go to that extent. It gives to the plaintiff judgment for the amount of the award, and to the defendants the possession of the premises for 1921.

For the reasons hereinabove assigned, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 5 C. J. pp. 16, 160, 161, 163.