### OKLAHOMA PORTLAND CEMENT CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 24579. Dec. 19, 1933.

Rehearing Denied May 22, 1934.

Warren B. Kice, for petitioner.

Carmon C. Harris, for respondent Shelby Higginbotham.

CULLISON, V. C. J. This is an original proceeding in this court by the Oklahoma Portland Cement Company, petitioner, to review an award of the State Industrial Commission made on March 13, 1933, in favor of the claimant, Shelby Higginbotham.

The case is before this court for the second time, and is best understood in the light of the following facts: On September 25, 1928, claimant, while working on a clinker kiln furnace for petitioner herein, allegedly received an accidental personal injury in the nature of heat exhaustion.

The matter came on before the Commission for hearing, and on October 17, 1931, the Commission found that claimant suffered the injury as alleged, and that his employer had actual notice of the injury and was not prejudiced by failure of the claimant to give notice. The Commission further found, however, that claimant filed no claim with the Commission for compensation within 12 months following the injury, and therefore the Commission was without jurisdiction to hear and determine the matter. The Commission then ordered the claim denied for want of jurisdiction.

When said order came on for review by this court March 8, 1932, it was held that by virtue of a letter which claimant had written the Commission on May 28, 1929, concerning his injury of September 25, 1928, the same having been received by the Commission on June 17, 1929, within 12 months from the date of the injury, that said letter constituted a substantial compliance with section 7292, C. O. S. 1921, and was sufficient to challenge and invoke the jurisdiction of the Commission, and constituted a claim for compensation.

This court concluded that claimant was not barred under section 7301, C. O. S. 1921, and vacated and set aside the order of the Commission denying claimant compensation and remanded the cause for further proceedings.

The opinion of this court referred to above is styled: Higginbotham v. Oklahoma Portland Cement Co., 155 Okla. 264, 9 P. (2d) 15.

On March 26, 1932, the Commission entered its order, in accordance with the direction contained in the opinion of the Supreme Court, and an additional hearing was held at Ada, Okla., on July 28, 1932, at the conclusion of which the Commission entered its order of August 20, 1932, directing claimant to submit to a medical examination, and setting the case for further hearing.

The medical report of Dr. Harry Wilkins was received by the Commission, and on September 1, 1932, another hearing was had.

Upon motion of claimant for a further hearing, and the submission of a medical report by Dr. A. L. Blesh stating that his examination tallies practically with one made June 29, 1931, from which conclusions his diagnosis of heat exhaustion and damage as being permanent and 50 per cent. to tal has not changed, the Commission conducted its final hearing on January 10 1933.

On March 14, 1933, the Commission entered its order finding that claimant sustained an accidental personal injury on September 25, 1928, by reason of being overcome with excessive heat or heat exhaustion while working for the Oklahoma Portland Cement Company around a blasting furnace, same being a hazardous occupation covered by the Workmen's Compensation Law. That by reason thereof claimant was temporarily totally disabled for nine days, at which time he returned to work of a different character from the work he performed at the time he was stricken, and worked until April 2, 1929, at which time he was forced to quit work on account of his condition. That claimant's average wage at the time of said injury was $3.50 per day. That by reason of the injury claimant is permanently partially disabled, and as a result thereof claimant's wage-earning capacity has decreased in the same employment or otherwise from $3.50 per day to $1.50 per day, the difference between the

two figures being $2 per day decrease. That by reason thereof claimant was entitled to 66⅔ per cent. of the difference between his respective wage-earning capacities before and after the injury, payable during the continuance of such permanent partial disability, not to exceed 300 weeks.

The Commission then ordered that petitioner herein pay claimant compensation from September 25, 1928, to October 5, 1928, less the five-day waiting period, which is four days' compensation computed at the rate of $13.46 per week, in the sum of $8.97, for temporary total disability, and in addition thereto, compensation at the rate of $8 per week, for a period not to exceed 300 weeks, less the period from October 5, 1928, to April 2, 1929, subject to consideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest, said compensation computed and payable from the 2nd day of April, 1929, to March 14, 1933, making a total of 206 weeks or the total sum of $1,648 due at this time, together with reasonable medical expenses incurred by reason of said injury.

The petitioner herein was further ordered to continue the payment of compensation from March 14, 1933, at the rate of $8 per week for a period not to exceed 274½ weeks, or until otherwise ordered by the Commission. Said award made further reference to the payment of attorney fees.

In due time the Oklahoma Portland Cement Company filed its supersedeas bond with the Commission and brings said proceedings to this court seeking a review of the above order and award.

Petitioner makes five assignments of error, which it chooses to discuss under the two following propositions:

(1) That no notice of the alleged injury was given within 30 days after the alleged accident, nor was the failure to give such notice excused, thereby prejudicing the rights of this petitioner.

(2) That there is no competent evidence to sustain the finding of the Commission, the claimant on or about the 25th day of September, 1928, sustained an accidental personal injury on said date, the nature of said injury being overcome with excessive heat, or heat exhaustion, while he was working in and around a kiln and blasting furnace.

We observe, under the first proposition, supra, that in case No. 23046 (formerly before this court) attorneys for the Oklahoma Portland Cement Company moved the Commission to dismiss the cause for failure to give notice as required by law.

Also, that on page 6 of the brief of respondent (cement company), section 7292, C. O. S. 1921, is specifically set out as a further reason why the Commission does not have jurisdiction of the cause.

The Commission, when it made its finding in its order of October 17, 1931, specifically set out the finding relative to the failure to give notice and excused the claimant therefrom in the following words: "That respondent has actual notice of said injury; therefore, there was no prejudice by failure to give notice."

At the time the case (No. 23046) was first before this court, the petitioner therein (claimant) said in his brief, at page 2:

"The only question involved on this appeal is: Did the Commission have jurisdiction of claim?"

The respondent in that case (cement company) advised this court, at page 11 of its brief:

"As we see it, there is only one point involved in this case, and that is whether or not the letter filed with the Commission is sufficient to constitute a claim under section 7301, C. O. S. 1921."

This court, speaking through Justice McNeill, in its former opinion (No. 23046) said in the body of the opinion (155 Okla. 264, 9 Pac. [2d] 16):

"The controversy centers on the question as to whether or not claimant is barred by section 7301, C. O. S. 1921 * * *"

—which section 7301 was the one relating to the filing of claim for compensation with the Commission within 12 months after the injury.

Thus, while the question of whether the respondent cement company had actual notice of the injury within 30 days thereof was not brought before this court in the former proceedings by the contentions in the briefs of the parties litigant, still the court, sua sponte, passed upon that proposition, which had been urged before the Commission and which the Commission had passed upon, in the following words:

"The Commission in the instant case found: That respondent had actual notice of said injury, therefore, that there was no prejudice by failure to give notice.

"This finding is binding on this court, if there is competent evidence to support the same. There is such evidence in the record."

We further observe that at the hearing following the former opinion (No. 23046) by this court, it was stipulated and agreed as follows:

"By Mr. Kice (attorney for cement company, petitioner herein):

"It is hereby agreed and stipulated by and between the claimant and respondent, by their attorneys of record, that the testimony heretofore given in the above cause, be resubmitted at this time, and as part of the rehearing, and any additional evidence which either party might at this time want to add to the original testimony."

The records of this court disclose that after the case at bar (No. 24579) had been filed here, an order was entered June 13, 1933, which ordered that the transcript filed in the former proceeding (No. 23046) was to be considered as a part of the transcript in said cause (No. 24579).

Therefore, we are of the opinion, and hold: That the question of 30-day notice as raised by petitioner in its first proposition in the case at bar is res adjudicata, by reason of the court having passed upon said question in the former opinion and review of the same, which is incorporated into and made a part of this transcript, discloses that the court committed no error in so holding.

Inasmuch as the first order and award of the Commission (October 17, 1931) found that the respondent (cement company) had actual notice of the injury, and there was, therefore, no prejudice by failure to give notice, and said finding was sustained by this court in the language above quoted, and the cause remanded for further proceedings, it was unnecessary for the Commission to make the identical finding in its subsequent order and award (March 14, 1933), as the same was res adjudicata between the parties and not an issue in the hearings being conducted by the Commission in accordance with the views of the Supreme Court expressed in its opinion of March 8, 1932. in case No. 23046.

The question of jurisdiction of the Commission had been settled, and the cause remanded for the purpose of determining the merits of claimant's claim for disability.

Petitioner's first proposition, supra, cannot be considered in the case at bar because the same has been formerly decided adversely to petitioner in a proceeding involving the same subject-matter between the same parties by a court of competent jurisdiction.

The second proposition for which petitioner contends, supra, attacks the sufficiency of the evidence necessary to sustain the Commission's finding that claimant received an accidental personal injury on September 25, 1928, from heat exhaustion while working in and around a kiln and blasting furnace.

We observe that there has been a direct conflict on every scintilla of evidence introduced into the record, except that as to the claimant's disability, which was agreed to by every doctor called to the stand.

By reason of the stipulation and order of this court, supra, all of the evidence that has been taken in the cause is now before the court. Dr. V. F. Grant testified that the condition with which claimant is suffering has been excessive heat. That the effect of heat is such as to cause a coagulation of the muscles, so that it will have a tendency to draw the neck muscles, and cause a muscle involvement as in claimant's case. That the condition is permanent and gets worse as the afflicted one gets older.

Dr. A. L. Blesh testified on behalf of petitioner herein, and his testimony is much the same, both at page 101 et seq. of the old record and at page 72 et seq. in the new record. Dr. Blesh testified that "The injury this man has, in my mind, has been due to the heat exhaustion. * * * I think 50 per cent. of permanent injury is fair for this man's condition.". Claimant, of course, testified in both records.

Under the uniform holdings of this court, disputed questions of fact will not be disturbed by this court on review where the record discloses competent evidence reasonably tending to support the same. The record contains that quantum of evidence necessary to sustain the finding of fact by the Commission that claimant received an accidental injury while working for petitioner, September 25. 1928, around a blasting furnace. Nash-Finch Co. v. Harned, 141 Okla. 187, 284 P. 633. The petition to vacate is denied, and the award affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, and OSBORN, JJ., concur. BAYLESS and WELCH, JJ., absent. BUSBY, dissents.