**AUTOTROL CORPORATION, Plaintiff,**

v.

**J–F EQUIPMENT COMPANY, Defendant.**

Civ. A. No. 3:92–CV–1918–G.

United States District Court, N.D. Texas, Dallas Division.

May 7, 1993.

Alison H. Moore, Thompson Coe Cousins & Irons, Dallas, TX, Eric J. Van Vugt, Quarles & Brady, Milwaukee, WI, for plaintiff.

William David Harris, Jr., Ronald V. Thurman, Hubbard Thurman Tucker & Harris, John J. Gitlin, Fischer Gitlin Sanger & Washburne, Harry Joseph Watson, Hubbard, Thermond, Turner & Tuder, Dallas, TX, for defendant.

## MEMORANDUM ORDER

FISH, District Judge.

Before the court is the motion for partial summary judgment of the plaintiff Autotrol Corporation ("Autotrol"). For the reasons stated below, the motion is granted.

### I. BACKGROUND

On July 28, 1984, Autotrol and defendant J–F Equipment Company ("JFE") entered into a written licensing agreement (the "Agreement"), later supplemented and amended, whereby JFE granted Autotrol a

license to manufacture and sell in certain product markets a liquid proportional metering pump. The parties' dealings under the Agreement were amicable until early 1990, when a controversy arose regarding two clauses providing for indemnity and minimum royalties. The focus of the indemnity dispute was whether the Agreement required JFE to indemnify Autotrol in any suit brought against it by a third party as a result of the sale of the licensed product. As for the minimum royalties dispute, the central issue was whether the Agreement obligated Autotrol to pay JFE a guaranteed minimum royalty.

In April of 1990, JFE sued Autotrol in a Texas district court to resolve these disputes. Autotrol removed the case to this court, where it was assigned to the Honorable Robert B. Maloney.[1] Autotrol then filed an unopposed motion to stay the case pending arbitration under the arbitration clause in the Agreement.

On June 4, 1990, Autotrol submitted an amended demand for arbitration to the American Arbitration Association in Dallas, Texas, ⸱demanding an award against JFE under the indemnification clause of the Agreement and a determination that JFE was not entitled to minimum royalty payments nor entitled to terminate the Agreement for nonpayment of minimum royalties.[2] In response, JFE filed a one and a half page answer and counterclaim on June 11, 1990, where it stated its position as follows:

> Under the licensing agreements, Autotrol is obligated to pay to JFE certain minimum annual royalty payments. Autotrol has refused to pay to JFE the minimum royalty payments for the year 1989 pursuant to the Agreements. JFE seeks to recover the unpaid amounts due under the Agreements.

See Autotrol's Motion for Partial Summary Judgment, exhibit 11. Consequently, JFE's counterclaim requested that the arbitration panel award it minimum royalties for 1989. *Id.*

In November of 1990, the arbitrators issued their award. As relevant to this case, the arbitrators held, first, that "[the] Agreement may not be terminated for non-payment of minimum royalties."[3] Next, they denied JFE's counterclaim for minimum royalties for 1989. Finally, the arbitrators completed their award with the statement, "[t]his Award is in full settlement of all claims and counterclaims submitted to this Arbitration."[4]

On March 29, 1991, Judge Maloney issued two separate orders in the federal case confirming the arbitration award and establishing a final judgment. In his memorandum order confirming the award, Judge Maloney confirmed, *inter alia*, the arbitrators' decision to deny JFE's counterclaim for minimum royalties.

> The court finds that it is possible to interpret the above language, in the context of the entire agreement between the parties, as not imposing an affirmative obligation on [Autotrol] to sell a minimum number of units of the licensed product. Not being an affirmative obligation, [Autotrol] would not have then breached the contract [by refusing to pay a minimum royalty] and [JFE] would not be entitled to terminate the contract. Having heard the evidence, the arbitrators acted within their scope of authority in construing the contract. [JFE] agreed to have an arbitration panel interpret the contract, and now must abide by its determination.

See Autotrol's Motion for Partial Summary Judgment, exhibit 24. In his final judgment, Judge Maloney specifically denied JFE's counterclaim for minimum royalties. *Id.*

Notwithstanding the arbitrators' award and its confirmation by Judge Maloney, JFE continued to demand that Autotrol pay minimum royalties. On August 10, 1992, JFE notified Autotrol that it was claiming minimum royalties of $157,743.00 for 1990 and

---

1. The case was assigned civil action number 3:90–CV–0994–T.

2. *See* Autotrol's Motion for Partial Summary Judgment, exhibit 10.

3. *See* Autotrol's Motion for Partial Summary Judgment, exhibit 14.

4. *Id.*

1991 and that it was offsetting that amount against the account balance owed to Autotrol.[5] As of August 10, 1992, JFE owed Autotrol approximately $186,000.00 for equipment it had received from Autotrol on open account. Consequently, on September 17, 1992, Autotrol filed this suit seeking a declaratory judgment, *inter alia,* that JFE is precluded under the doctrine of *res judicata* from demanding any minimum royalty payments under the Agreement. JFE submitted its answer and counterclaim for minimum royalties on October 22, 1992.

Autotrol seeks by this motion a partial summary judgment that JFE's counterclaim for minimum royalty payments and right to set-off is barred by the doctrine of *res judicata.*

## II. ANALYSIS

### A. *Evidentiary Burdens on Motion for Summary Judgment*

■ Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).[6] "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The movant makes such a showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *See Celotex Corporation v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the movant makes this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 323–24, 106 S.Ct. at 2552–53. To carry this burden, the opponent must do more than simply show some metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co.,*

*Ltd. v. Zenith Radio Corporation,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, it must show that the evidence is sufficient to support a resolution of the factual issue in its favor. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510. All of the evidence must be viewed, however, in a light most favorable to the motion's opponent. *Id.* at 255, 106 S.Ct. at 2513 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970)). Summary judgment is properly entered against a party if after adequate time for discovery, it fails to establish the existence of an element essential to its case and as to which it will bear the burden of proof at trial. *Celotex,* above, 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

### B. *Res Judicata Bars JFE's Claim for Minimum Royalties*

■ The doctrine of *res judicata,* or claim preclusion, bars litigation of any issue connected with a cause of action or defense which, with the use of diligence, might have been tried in an earlier case as well as those that were actually tried. *See Flores v. Edinburg Consolidated Independent School District,* 741 F.2d 773, 775–76 (5th Cir.1984) (citing *Abbott Laboratories v. Gravis,* 470 S.W.2d 639, 642 (Tex.1971)). Stated another way, the purpose of claim preclusion is to prevent a party from relitigating matters which might have been brought in an earlier action between the same parties in reference to the same subject matter. *Abbott Laboratories,* 470 S.W.2d at 642. Under Texas law, four requirements must be satisfied before a party can invoke the doctrine of *res judicata:* (1) the parties must be the same in both cases; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases. *See Howell Hydrocarbons, Inc. v. Adams,* 897 F.2d 183, 188 (5th Cir.1990) (citing *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 559 (5th Cir.1983) (en banc)).

---

5. *See* Autotrol's Motion for Partial Summary Judgment, exhibit 46.

6. The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive deter-

mination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company,* 780 F.2d 1190, 1197 (5th Cir.1986).

■ Numerous courts have recognized that arbitration awards can have preclusive effect in subsequent litigation. *See Gardner v. Shearson, Hammill & Company,* 433 F.2d 367, 368 (5th Cir.1970), *cert. denied,* 401 U.S. 978, 91 S.Ct. 1209, 28 L.Ed.2d 329 (1971); *Universal American Barge Corp. v. J–Chem, Inc.,* 946 F.2d 1131, 1136 (5th Cir.1991); *Pujol v. Shearson/American Express, Inc.,* 829 F.2d 1201, 1206 (1st Cir.1987); *Greenblatt v. Drexel Burnham Lambert, Incorporated,* 763 F.2d 1352, 1361 (11th Cir.1985); *Davis v. Chevy Chase Financial Limited,* 667 F.2d 160, 172 (D.C.Cir.1981).[7] By applying the concept of claim preclusion to arbitration decisions, the courts have acknowledged the value of arbitration and the necessity of giving finality to its results. "If any party dissatisfied with the award were left free to pursue a judicial remedy on the same claim or defenses, arbitration would be substantially worthless ... therefore, subsequent judicial proceedings on the same claim or defenses ordinarily should be precluded." 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4475 at 770–71 (1981); *see also* Restatement (Second) of Judgments § 84 cmt. b (1982) ("If the arbitration award were not treated as the equivalent of a judicial adjudication for purposes of claim preclusion, the obligation to arbitrate would be practically illusory").

Consistent with Texas law on *res judicata,* an arbitration proceeding and award is given preclusive effect in a later suit if the arbitration involved: (1) an identity of parties; (2) an identity of the cause of action; and (3) a full and fair opportunity to litigate the matter. *Monahan v. Paine Webber Group, Inc.,* 724 F.Supp. 224, 226 (S.D.N.Y.1989).[8] "If the procedure is not so radically unfair as to justify nullifying the agreement to abide by it, the award is given conclusive effect as a product of the agreement of the parties." Restatement (Second) of Judgments § 84 cmt. b (1982); *see also Greenblatt,* above, 763 F.2d at 1361 (giving an arbitration award preclusive effect where both parties were represented by counsel, made opening and closing arguments, and were permitted to examine and cross-examine witnesses and present relevant evidence). Moreover, the failure of an arbitration panel to make detailed findings will not emasculate an awards's preclusive effect. *See Pujol,* above, 829 F.2d at 1206; *Greenblatt,* 763 F.2d at 1361. If the necessary requirements are satisfied, the arbitration becomes *res judicata* "not only as to what was pleaded, but also as to what could have been pleaded." *Monahan,* 724 F.Supp. at 226 (quoting *In re Teltronics Services, Inc.,* 762 F.2d 185, 193 (2d Cir.1985)).

■ In 1990, Autotrol and JFE agreed to arbitrate, *inter alia,* whether JFE was entitled to receive from Autotrol minimum royalty payments for 1989. At that time, JFE insisted that it was entitled to a 1989 royalty because the Agreement "obligated [Autotrol] to pay to JFE certain minimum annual royalty payments."[9] After submitting extensive briefing on this issue to the arbitration panel, the parties arbitrated their dispute. Ultimately, the arbitrators denied JFE's counterclaim that Autotrol owed minimum royalties for 1989.

JFE contends the arbitrators' award does not preclude its claim for set-off or for 1990 and 1991 minimum royalties because the arbitrators examined only whether Autotrol was obligated to pay a minimum royalty for 1989. Moreover, it suggests that because the

---

7. The Restatement (Second) of Judgments also recognizes the preclusive effect of arbitration.
   Except as stated in Subsections (2), (3), and (4), a valid and final award by arbitration has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court.
   Restatement (Second) of Judgments § 84(1) (1982).

8. In *Universal American Barge Corp. v. J–Chem, Inc.,* 946 F.2d 1131 (5th Cir.1991), the Fifth Circuit explained that a court must consider the extent to which a federal statutory or constitutional right is involved before giving preclusive effect to an arbitration proceeding. *Id.* at 1136–37. Because this case is before the court on the basis of diversity of citizenship, however, no federal rights are in dispute.

9. *See* Autotrol's Motion for Partial Summary Judgment, exhibit 11. Moreover, in its motion for summary judgment submitted to the arbitrators, JFE relied *only* on the wording of the Agreement as support for its contention that Autotrol was obligated to pay minimum royalties. *See* Autotrol's Motion for Partial Summary Judgment, exhibit 12.

arbitrators did not make specific factual findings as to minimum royalties, the award has no *res judicata* effect.

The court disagrees. It is evident from the face of the award that the arbitration panel did not make specific findings. To conclude that Autotrol was not obligated to pay JFE minimum royalties for 1989, however, the arbitrators necessarily had to determine that the Agreement did not require them.[10] *Cf. Greenblatt,* 763 F.2d at 1361. Indeed, JFE offers no other reasonable explanation as to how the arbitrators could have denied its counterclaim for minimum royalties without reaching that conclusion. *Cf. Cullen v. Paine Webber Group, Inc.,* 689 F.Supp. 269, 282 (S.D.N.Y.1988) ("the conclusory nature of the arbitrators' decisions—simply stating that the counterclaims are dismissed—does not preclude the decisions from having res judicata effect"). The fact that the arbitration panel here did not specifically state its reasons for denying JFE's counterclaim thus does not deprive the award of *res judicata* effect.

JFE willingly consented to have the Agreement interpreted by the arbitrators. It submitted all its evidence in a full and fair hearing and had its counterclaim denied. Clearly, a finding by this court that the Agreement obligates Autotrol to pay JFE minimum royalties for 1990 and 1991 would undermine the arbitrators' construction of the Agreement. JFE is precluded from litigating any issue pertaining to its minimum royalties claim that could have been raised in arbitration. The court thus concludes that JFE's counterclaim for minimum royalty payments and right to set-off is barred by the doctrine of *res judicata*.

### III. CONCLUSION

For the reasons stated above, Autotrol's motion for partial summary judgment is **GRANTED**.

**SO ORDERED.**

---

**10.** Judge Maloney's order confirming the arbitration award plainly acknowledges that the arbitration panel interpreted the contract as not requiring the payment of a minimum royalty. *See* above at 295–96. The court today reaches the same conclusion.