**Karen CARRIS d/b/a Sunbelt Construction, Appellant,**

v.

**JOHN R. THOMAS AND ASSOCIATES, P.C., a/k/a Thomas, Davis Architects and Partners, P.C., an Oklahoma corporation, and J. Brad Thomas, an individual, Appellees.**

No. 82952.

Supreme Court of Oklahoma.

April 4, 1995.

Rehearing Denied June 15, 1995.

---

**11.** The Authority states that such protection is available.

G. Babette Patton, Shelia D. Tims, R. Brown Wallace, Oklahoma City, for appellant.

Hugh Baysinger, Steven Daniels, Oklahoma City, for appellees.

KAUGER, Vice Chief Justice:

The only question addressed[1] is whether the trial court properly granted summary judgment when it found that the contractor, who arbitrated and recovered partial damages from the power authority, was precluded from bringing negligence and fraud claims against third-persons who were not parties to the arbitration proceedings. We find that under the facts presented, the cause is not precluded by the doctrines of claim or issue preclusion.

---

1. Because the cause is remanded, the issue raised by the contractor's amended petition in error regarding expert fees need not be addressed here.

## FACTS

Oklahoma Municipal Power Authority (the power authority) hired the architectural firm of John R. Thomas and Associates, P.C. (the firm) to design plans for a construction project. On May 14, 1992, through a separate agreement, the power authority hired Karen Carris (the contractor) to perform construction work on the project. The contractor's contract required that the construction work be done according to the designs and specifications which were prepared by the firm.

After the contractor began working on the project, a dispute arose over the construction of a wheel chair ramp. At this juncture, the firm and the contractor differ on the facts. The contractor's version is that Brad Thomas (Thomas), an employee of the firm who is not a licensed architect, designed the plans for the project and represented himself to be an architect. She insists that she discussed the problem with the plans for the ramp with Thomas, and that he instructed her to continue the construction of the ramp. The firm and Thomas contend that Thomas neither represented himself to be an architect nor designed the plans. Rather, that the plans were designed by John R. Thomas who was an architect. It is undisputed that the contractor built the ramp, and that it did not comply with the plans and specifications prepared by the firm. As a result, the power authority insisted that the contractor reconstruct the ramp at her expense. She did not. Subsequently, the power authority hired someone else to reconstruct the ramp, and it refused to pay the contractor for any of her work on the project.

The contractor, invoking an arbitration clause in her contract with the power authority, requested arbitration. She alleged that the power authority breached the contract and she sought to recover the entire amount of the contract. The power authority counterclaimed for damages which arose as a result of the construction delays. In the arbitration proceeding, the contractor maintained that she could not have built the ramp according to the plans which were prepared by the firm and Thomas. On March 31, 1993, the arbitrator awarded the contractor a portion of the money due her under the contract. The arbitrator also awarded the power authority partial damages on its counterclaim. Although the firm and Thomas participated as witnesses in the arbitration proceeding, they were neither parties to the contractor/power authority contract nor to the arbitration proceedings.

On July 27, 1993, the contractor filed a lawsuit against the firm and Thomas, alleging that the plans for the project were negligently prepared, and that Thomas fraudulently represented himself to be a licensed architect. The firm and Thomas denied the allegations and moved for summary judgment. The trial court granted summary judgment to the firm and Thomas on December 29, 1993. It found that: 1) the contractor could not split her previously arbitrated breach of contract claim against the power authority from her negligence and fraud claims against the firm and Thomas; 2) the arbitrator determined what damages the contractor was entitled to receive; and 3) the arbitration award which had been paid and satisfied determined all of the issues in the negligence and fraud suits. The contractor appealed. On June 28, 1994, the Court of Appeals affirmed, finding that the contractor was estopped from litigating damages against the firm and Thomas because she had a full opportunity to litigate the issue of damages in the arbitration proceeding. We granted certiorari on October 3, 1994.

## UNDER THE FACTS PRESENTED, THE CAUSE IS NOT PRECLUDED BY THE DOCTRINES OF CLAIM OR ISSUE PRECLUSION.

The contractor argues that the trial court erred in granting summary judgment because: 1) she had multiple claims against two different defendants; 2) she could not resolve her tort claims against the firm and Thomas through arbitration because they were not parties to the contract and they did not agree to arbitration; and 3) neither claim nor issue preclusion should apply to the present case. The firm and Thomas counter that: 1) only one controversy exists which would allow the contractor to recover damages; and 2) the contractor's previous attempt to recover damages through arbitration precludes her

lawsuit against them because the arbitration award satisfied her damages and released all of her claims against others.

Thomas and the firm cite *Brigance v. Velvet Dove Restaurant*, 756 P.2d 1232, 1234 (Okla.1988); *Powell v. Powell*, 370 P.2d 909, 913 (Okla.1962); *City of Wetumka v. Cromwell–Franklin Oil Co.*, 171 Okla. 565, 43 P.2d 434, 436 (1935); and *Cain v. Quannah Light & Ice Co.*, 131 Okla. 25, 267 P. 641, 644 (1928), for the propositions that satisfaction of a judgment rendered in a prior action bars subsequent suits for damages, and that satisfaction of the arbitration award released the contractor's claims against them. However, we find these cases distinguishable on their facts from the instant case and not controlling here.

■■■ *Cain, City of Wetumka, Powell,* and *Brigance* all involved plaintiffs who were attempting to recover damages which resulted from injuries caused by joint tort-feasors.

In these cases, we recognized that because an injury caused by a joint tort gives rise to one cause of action, a plaintiff who brings a suit sounding in tort to recover damages which results in a final judgment is barred from bringing a second action against another tort-feasor who was jointly and severally liable for the same damages. In the instant case, the contractor alleged injury by two separate defendants asserting that each is independently liable to her because she was not paid for the completed construction project. The contractor's claims against the power authority for refusing to pay her pursuant to the construction contract are contractual.[2] The contractor's claim of fraud against the firm and Thomas for depriving her from full compensation for the completed construction project sound in tort.[3] Although the contractor's injuries may have arisen from the same set of facts, the power authority and the firm and Thomas were not joint tort-feasors.[4]

**2.** An action for recovery for a breach of a promise, express or implied, is contractual. *Shebester v. Triple Crown Insurers*, 826 P.2d 603, 610 (Okla.1992); *Uptegraft v. Home Ins. Co.*, 662 P.2d 681, 684 (Okla.1983). The claim the contractor asserted in arbitration was that the power authority breached the contract by failing to pay any amount for the work she completed on the project.

**3.** The contractor's fraud claim is based on allegations that Thomas held himself out and acted as an architect and that she relied on his representations to perform work under the construction contract. The contractor's negligence allegations arise from the firm and Thomas' alleged breach of duty. The duty allegedly exists by virtue of the construction contract which the firm and Thomas were not parties. The issue of whether the evidence will support the request for relief under either of the contractor's theories of recovery against the firm and Thomas is not before us. Neither party disputes whether a cause of action can arise from a breach of duty which exists by virtue of a contract in which there is no privity or that the power authority as a principal was liable for the acts of the firm and Thomas. Consequently, we will not address the issue. *Peters v. Golden Oil Co.*, 600 P.2d 330, 331 (Okla.1979).

**4.** In *Wilson v. Kane*, 852 P.2d 717, 720 (Okla. 1993), this Court noted the exception to the general rule against claim splitting and recognized that the transactional approach to the concept of cause of action did not apply to actions brought in probate where the probate's remedial range was limited by statute. Similarly, here, the contractor's remedial range in arbitration was limited. The arbitration clause of the construction contract provides in pertinent part:

"... All claims or disputes between the Contractor and the Owner arising out or relating to the Contract, or the breach thereof, shall be decided by arbitration ... Except by written consent of the person or entity sought to be joined, **no arbitration arising out of or relating to the Contract Documents shall include, by consolidation, joinder or in any other manner, any person or entity not a party to the Agreement under which such arbitration arises,** unless it is shown at the time the demand for arbitration is filed that ... **such person or entity is not the Architect or any of the Architect's employees or consultants ...**" (Emphasis supplied.)

The arbitration clause excludes from arbitration any claims against the architect and specifically precludes the architect or any of the architect's employees from joining the arbitration proceeding. The contractor could not assert her tort claims against the firm and Thomas through arbitration. See also, discussion note 17, supra. Were the contractor not bound by the contract and the arbitration agreement, she could have litigated all possible damage issues by joining both the firm and Thomas and the power authority in one action, asserting the contract and tort claims as alternative theories of recovery. See, 12 O.S. 1991 §§ 2008, 2018–20 which respectively govern pleadings, joinder of claims and remedies, joinder of persons needed for just adjudication, and permissive joinder of parties. Under the facts presented, formal barriers existed

■ The determinative issue is whether either claim or issue preclusion prevent the contractor from bringing her lawsuit against the firm and Thomas. The doctrine of *res judicata*, or claim preclusion, operates to bar the relitigation of issues by the parties or their privies which were or could have been litigated in an action which resulted in a final judgment on the merits.[5] The doctrine of collateral estoppel, or issue preclusion, is activated when an ultimate issue has been determined by a valid and final judgment—that question cannot be relitigated by parties, or their privies, to the prior adjudication in any future lawsuit.[6]

### a.

### claim preclusion

■ An arbitration award has the same force and effect as a judgment of a court of competent jurisdiction for claim preclusion purposes.[7] However, the elements of claim preclusion/*res judicata* must be met in order for the doctrine to bar a lawsuit brought subsequent to arbitration. The elements are: 1) an identity of subject matter, of the

parties or their privies, of the capacity of the parties and of the cause of action;[8] 2) the court which heard the original action must have been one of competent jurisdiction;[9] and 3) the judgment rendered must have been a judgment on the merits of the case and not upon purely technical grounds.[10] Here, the elements of claim preclusion are not met. In *Erwin v. Frazier*, 786 P.2d 61, 64 (Okla.1989), we recently held that where the causes of action differ and the parties are not identical, claim preclusion is inapplicable. Here, it is undisputed that the firm and Thomas were not parties to the contractor/power authority contract or to the arbitration proceedings.

### b.

### issue preclusion

■ The firm and Thomas cite *Anco Mfg. & Supply Co., Inc. v. Swank*, 524 P.2d 7, 13 (Okla.1974), for the proposition that a stranger to the prior adjudication may assert issue preclusion defensively, as long as the party against whom it is being asserted was a party to the prior action.[11] Generally, the

---

which prevented the contractor from fully presenting her remedies or theories of relief in the arbitration proceeding. She was not afforded the opportunity to litigate and prove all of her possible damages for her alleged injuries which arose when she was not paid for the completed construction project. The Okla. Const. art. 2 § 6 provides:

"The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

5. *Wilson v. Kane*, see note 4 at 722, supra; *Erwin v. Frazier*, 786 P.2d 61, 64 (Okla.1989); *Veiser v. Armstrong*, 688 P.2d 796, 800 (Okla.1984); *Runyan v. City of Henryetta*, 321 P.2d 689, 693 (Okla. 1958).

6. *Benham v. Plotner*, 795 P.2d 510, 512 (Okla. 1990).

7. *Inglis v. Trickey*, 172 Okla. 144, 45 P.2d 135, 137–38 (1935); *Morgan v. Teel*, 109 Okla. 17, 234 P. 200, 201 (1925); *Burke Grain Co. v. Stinchcomb*, 70 Okla. 89, 173 P. 204, 205–06 (1918); *Scrivner v. McClelland*, 67 Okla. 51, 168 P. 415, 417 (1917); *Deal v. Thompson*, 51 Okla. 256, 151 P. 856, 857 (1915).

8. *Dearing v. State ex rel. Comm'rs of Land Office*, 808 P.2d 661, 664–65 (Okla.1991); *Marshall v. Amos*, 442 P.2d 500, 504 (Okla.1968); *Epperson v. Halliburton Co.*, 434 P.2d 877, 879 (Okla. 1967).

9. *Dearing v. State ex rel. Comm'rs of Land Office*, see note 8, supra; *Bruce v. Miller*, 360 P.2d 508, 512 (Okla.1960); *Oklahoma Portland Cement Co. v. State Indus. Com'n*, 168 Okla. 330, 32 P.2d 889, 891 (1933).

10. *Dearing v. State ex rel. Comm'rs of Land Office*, see note 8, supra; See also, *Powell v. Chastain*, 359 P.2d 336, 340 (Okla.1961).

11. We note that courts generally agree that the fact that a person was not a party to the arbitration proceedings does not prevent them from asserting claim or issue preclusion in a subsequent lawsuit as long as the party against whom the preclusion is being asserted was a party or their privy to the arbitration. See e.g., *Chestnut Hill Dev. Corp. v. Otis Elevator Co.*, 739 F.Supp. 692, 698 (D.Mass.1990) (Recognizing under Massachusetts law, an arbitration award is preclusive against a party to the arbitration and it can be used by a third person to bind the party to any issue that was specifically or necessarily decided by arbitration.); *Aufderhar v. Data Dispatch, Inc.*, 452 N.W.2d 648, 650 (Minn.1990) (Strangers to

application of issue preclusion requires an identity of the parties to both proceedings.[12] However, in *Anco* this Court did not require that the parties be identical where a party who assumed a position in one adjudication attempted to assert an inconsistent position against another party in a subsequent lawsuit. We allowed the stranger to the first action to defensively assert estoppel when the party against whom the estoppel was being asserted was attempting to assert inconsistent facts in the second action. *Anco* is not dispositive of the present case because the contractor is not attempting to assert inconsistent facts in her lawsuit against the firm and Thomas from those she asserted in the arbitration proceeding. Regardless of whether the parties must be identical in both proceedings or whether only the party against whom the estoppel is being asserted must be the same, issue preclusion applies only to those issues actually adjudicated and necessary or essential to the prior judgment.[13] The party relying on a claim of issue preclusion bears the burden of establishing that the prior litigation has actually determined the question of fact sought to be precluded.[14] The test is whether the question of fact in issue in the second action is a question which was actually determined in the first adjudication.[15]

In *French v. Jinright & Ryan, P.C., Architects*, 735 F.2d 433, 436 (11th Cir.1984), a contractor sued an architect for damages due to construction delays allegedly caused by the architect. Prior to the lawsuit, the contractor arbitrated disputes over the construction contract with the owner alleging that the

architect was the cause of delays of the construction project. The contract excluded the architect as a party to the arbitration without written consent. The contractor was awarded partial damages in the arbitration. The court found that without a delineation of the disposition of the issues in the arbitration proceeding, there was no basis for determining whether the claims against the architect were precluded. The record was insufficient to determine whether: 1) all the allegations relating to architect were asserted against the owner in arbitration; 2) the claims relating to the architect were decided on the merits or on the ground that the owner was not responsible, even if the architect might be; or 3) whether the arbitrator awarded partial damages because it was determined that the owner was not liable because it was not the party responsible for causing the harm.

■ Here, like the facts in *French,* the arbitration award does not clearly reflect exactly what issues were actually determined or whether all the issues raised were disposed of by the arbitrator. The award does not set forth any fact findings with respect to any claims made by either party in the arbitration proceeding. Nor does it set forth any reasons for rejection of any claim which either party may have made.[16] The only issue clearly decided in the arbitration proceeding was whether the contractor was entitled to damages from the power authority pursuant to the contractor/power authority construction contract.

arbitration can invoke issue preclusion.); But see, *Autotrol Corp. v. J–F Equip. Co.*, 820 F.Supp. 293, 296 (N.D.Texas 1993) (Recognizing that Texas law requires that parties be the same in both proceedings before arbitration award can be precluded by claim preclusion.); *Matter of Thames River Assoc. Ltd. Partnership*, 160 B.R. 696, 700 (Bkrtcy.D.Conn.1993) (Noting under Connecticut law, only the parties to prior arbitration award are bound by arbitration award and its preclusive effects.).

12. See, *Bras v. First Bank & Trust Co.*, 735 P.2d 329, 332 (Okla.1985); and *Wabaunsee v. Harris*, 610 P.2d 782, 785 (Okla.1980).

13. *Bras v. First Bank & Trust Co.*, see note 12 at 333, supra; *Oklahomans for Life, Inc. v. State*

*Fair of Okla.*, 634 P.2d 704, 707 (Okla.1981); *Lewis v. Aubrey*, 404 P.2d 1005, 1008 (Okla. 1965).

14. *Anderson v. Falcon Drilling Co.*, 695 P.2d 521, 526 (Okla.1985).

15. *Bras v. First Bank & Trust Co.*, see note 12, supra; *Laws v. Fisher*, 513 P.2d 876, 877 (Okla. 1973); *Runyan v. City of Henryetta*, see note 5, supra.

16. The arbitration award merely orders the power authority to pay the contractor individually $6,422.00 and Sunbelt Construction $337.00. The arbitration award requires Sunbelt to pay the power authority $1,433.00 for its counterclaim.

The arbitrator found that the power authority owed the contractor for some of the work which she completed on the project, and that the contractor owed the power authority for construction delays. It was not necessary for the arbitrator to find that the plans were negligently prepared and designed, or that Thomas acted fraudulently to resolve the issue decided in arbitration. The arbitrator could have decided the power authority's claims against the contractor on the grounds that: 1) the contractor was responsible for the construction delays by her own failure to comply with any of the terms of contract regardless of whether the firm and Thomas negligently designed the plans and specifications or acted fraudulently; or 2) the power authority was not the party responsible for causing the contractor's harm, even if the firm and Thomas might be. Nothing in the award indicates that the contractor's claims against the firm and Thomas were actually decided on the merits in the arbitration proceeding between the power authority and the contractor. Even if such a determination may have been made, the contractor should not be barred from litigating her negligence and fraud claims against the firm and Thomas when she was prevented from bringing and fully litigating her claims against them in the arbitration proceeding.[17] Accordingly, issue preclusion does not apply under the facts presented.

The recovery of damages is a jury question.[18] The contractor may have had an opportunity to litigate the issue of damages relating to the power authority. However, even if she raised the issue of whether she was partially damaged by the firm and Thomas, the arbitrator lacked the authority to award the contractor any damages which may have been caused by them because they were not parties to the arbitration agreement or proceedings. Had the contractor been able to bring her claims for damages against the power authority and the firm and Thomas in one proceeding, she would have had the opportunity to fully litigate the issue of her damages.[19] Under those circumstances, the trier of fact may have determined that she was entitled to damages from the power authority for the work she completed on the contract as well as any damages that the contractor was able to prove she was entitled to from the firm

17. The contractor was prevented by the terms of the contract, see discussion note 4, supra, and the Uniform Arbitration Act, 15 O.S. 1991 §§ 801–818, from joining the firm and Thomas unless they consented to arbitration. Arbitration agreements which involve commercial arbitration, like the instant case, are governed by the Uniform Arbitration Act (the Act), 15 O.S. 1991 §§ 801–818. Agreements to submit existing or future controversies to arbitration are valid, enforceable and irrevocable. See, 15 O.S. 1991 § 802. Although the contractor was bound by her agreement with the power authority to arbitrate their disputes over the construction project, the firm and Thomas were not parties to the arbitration agreement nor did they voluntarily consent or agree to arbitrate any claims the contractor had against them. Courts are not authorized to order a party to arbitrate when the party has not voluntarily agreed to arbitration. See, 15 O.S. 1991 § 803. Issue preclusion cannot apply when the party against whom the earlier decision is interposed did not have a full and fair opportunity to litigate the critical issue in the earlier case. *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308, 313 (1980); *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210, 217 (1979); *Underside v. Lathrop*, 645 P.2d 514, 516 (1982). Because the doctrine of issue preclusion is flexibly applied, the focus is on whether its application would work an injustice on the party against whom estoppel is urged. *Oldham v. Pritchett*, 599 F.2d 274, 279 (8th Cir.1979).

18. *Park v. Security Bank & Trust Co.*, 512 P.2d 113, 117 (Okla.1973) (It is the function of a jury to properly evaluate the various elements of alleged damages.); *Complete Auto Transit, Inc. v. Reese*, 425 P.2d 465, 470 (Okla.1967) (Cause, nature and extent of damages resulting from negligence are exclusively determinable by trier of facts.). Where evidence of as to amount of damages is conflicting, it is for the jury to determine the amount to be awarded. *Hames v. Anderson*, 571 P.2d 831, 833 (Okla.1977); *Hardesty v. Andro Corp.—Webster Div.*, 555 P.2d 1030, 1035 (Okla.1976); *First Nat. Bank of Amarillo v. LaJoie*, 537 P.2d 1207, 1211 (Okla. 1975).

19. The damages recoverable in contract and tort actions differ. The damages that the contractor would have been able to prove in arbitration were necessarily limited to the elements of damage recoverable in a contract action, whereas the elements of damage against the firm and Thomas would be the elements of damages for a tort action.

and Thomas.[20] Accordingly, the contractor might have been awarded the full contract price and any other damages she was entitled to from the firm and Thomas. A jury may determine that the contractor has been paid for the full extent of the injuries suffered as the result of the disputes which arose out of the construction project when the power authority paid her damages pursuant to the arbitration award. However, a jury may also determine that the firm and Thomas acted negligently and fraudulently and, were it not for the negligence and fraud of the firm and Thomas, the contractor would have been able to comply with the contract terms and would have been paid for the full contract price. A material fact question exists concerning damages.[21]

## CONCLUSION

■ Summary judgment is proper only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[22] Damages are a remedy for compensation for a legal wrong or injury.[23] The recovery of damages is a jury question.[24]

■ Where formal barriers prevent full presentation of remedies or theories of relief in one action, a party is not precluded from bringing another claim in a subsequent action which arose out of the same set of facts as the first action.[25] Here, pursuant to an arbitration agreement, the contractor was required to arbitrate all her claims against the

power authority. However, she was prevented from asserting claims against the firm and Thomas in the arbitration proceeding.[26] Consequently, the contractor's claims against the firm and Thomas may proceed separate and distinct from the claims she previously arbitrated against the power authority and the trier of fact can determine the extent of her damages. Because the elements of claim or issue preclusion are not met, the contractor is not precluded from proceeding with her claims against the firm and Thomas. Summary judgment was improper.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT REVERSED.**

LAVENDER, HARGRAVE, SUMMERS and WATT, JJ., concur.

ALMA WILSON, C.J., and OPALA, J., concur in result.

HODGES and SIMMS, JJ., dissent.

SIMMS, Justice, dissenting:

I must respectfully dissent from the majority opinion because I do not agree with its threshold position that contractor has an action in tort against the architectural firm and Thomas.

Addressing similar issues in *MBA Commercial Const. v. Roy J. Hannaford*, 818 P.2d 469 (Okl.1991), my dissenting opinion, *Id.* at 475, expressed my view that those "plaintiff subcontractors did not have a remedy against defendant architectural firm

---

**20.** For example, the trier of fact may have found that the firm was negligent and that Thomas defrauded the contractor and that as a result, she was unable to fully comply with the contractual terms.

**21.** This does not mean however, that the contractor is entitled to double recovery. In *Tate v. Browning–Ferris, Inc.*, 833 P.2d 1218, 1223 (Okla.1992), we stated that Oklahoma law allows only one recovery to make a plaintiff whole. See also, *J.C. Houck v. Hold Oil Corp.*, 867 P.2d 451, 461 (Okla.1993); *Cotner v. Lon Jacobs Grocery Co.*, 84 Okla. 1, 202 P. 997, 1001–02 (1921). Consequently, in the present action, the contractor will have to show that any damages which resulted from the alleged acts of the firm and Thomas are distinguishable from the damages

which she has already recovered in the arbitration proceeding.

**22.** *Buckner v. General Motors Corp.*, 760 P.2d 803, 812 (Okla.1988).

**23.** *Shannon v. Bridges*, 196 Okla. 481, 165 P.2d 976, 977 (1946).

**24.** *Park v. Security Bank & Trust Co.*, see note 18, supra; *Complete Auto Transit, Inc., v. Reese*, see note 18, supra; *Hames v. Anderson*, see note 18, supra.

**25.** *Wilson v. Kane*, see note 4, supra; See also, Restatement (Second) of Judgments § 26 (1982).

**26.** See discussion notes 4 and 17, supra.

based on the tort theory of 'negligent design' as a matter of law. Whatever recovery they were able to pursue for claims stemming from the delay of their contractual performance was limited to contract law."

Although it is admittedly a minority view on this Court, it is nevertheless my opinion that while an architect's defective plans may support a cause of action in tort where they result in personal injuries or property damage, where those plans cause construction delays or increased costs to fellow contracting parties participating in building the project, they will give rise only to an action based on contract principles.

I am authorized to state that Justice OPALA joins in part in the views expressed herein.