**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

B.J.G., individually and as Heir of Estate
of Jonathan L. Graves, deceased, a minor
by and through the guardian of her
Estate; The Trust Company of Oklahoma,
Inc.; F.B.M., individually and as Heir of
the Estate of Jonathan L. Graves,
deceased, a minor by and through the
guardian of her Estate: Melissa S. Kirk,

      Plaintiffs-Appellants,

v.

ROCKWELL AUTOMATION, INC., a
Delaware corporation; THE COURT OF
CIVIL APPEALS, STATE OF
OKLAHOMA, Division IV by and
through its Judges; THE SUPREME
COURT, STATE OF OKLAHOMA, by
and through its judges,

      Defendants-Appellees.

No. 12-5021
(D.C. No. 4:11-CV-00262-GKF-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **BALDOCK**, Circuit Judge.

This appeal stems from a products liability suit plaintiffs brought against Rockwell Automation, Inc., in Oklahoma state court. Plaintiffs lost that case and subsequently initiated this federal action against Rockwell and the state appellate courts that rendered decisions in Rockwell's favor. The federal complaint included a products liability claim against Rockwell and also alleged due process violations by the judicial defendants under 42 U.S.C. § 1983. The district court dismissed the suit as barred by the *Rooker-Feldman* doctrine, the Eleventh Amendment, res judicata, and the applicable statute of limitations.[1] Plaintiffs appealed. We now affirm the district court, although we take a somewhat different approach to the court's *Rooker-Feldman* analysis.

## I.    BACKGROUND

Plaintiffs are the children and heirs of Jonathan L. Graves. Their state suit followed Mr. Graves' workplace death. He was electrocuted through contact with a high-voltage, live terminal housed in an electrical cabinet designed and manufactured by Rockwell. The case went to trial, and a jury returned a verdict in favor of Rockwell. Afterwards, plaintiffs moved for a new trial, and the trial court granted their request, citing defense counsel's misconduct. Rockwell successfully appealed

---

[1]    *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

that decision to the Oklahoma Court of Civil Appeals, and the Oklahoma Supreme Court denied certiorari review. There is no indication that plaintiffs sought review in the United States Supreme Court.

Dissatisfied with the results of the state proceedings, plaintiffs filed this action in the federal district court, where they reinitiated their products liability claim against Rockwell and also claimed they were denied due process by the state appellate courts' decisions. They sought damages from Rockwell; declaratory judgments establishing that the court of appeals violated their right to a fair trial and the supreme court denied them a post-trial remedy; an injunction requiring the court of appeals to reinstate the trial court's order for a new trial; and an injunction prohibiting the supreme court from denying them a new trial.

The district court dismissed the suit as barred by the *Rooker-Feldman* doctrine, reasoning that "[p]laintiffs' claims [were] 'intextricably intertwined' with the state courts' decision because the relief requested . . . would effectively reverse the state courts' decision." Aplt. App., Vol. II at 557. The court also determined that the claim against Rockwell was barred by res judicata.[2] Plaintiffs filed a motion to alter or amend the judgment and for relief from judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), but the court denied that request, and this appeal followed.

---

[2]     Our disposition obviates any need to discuss the district court's rationale for dismissal under the Eleventh Amendment and the statute of limitations.

## II.     DISCUSSION

We review the district court's dismissal under *Rooker-Feldman* de novo,

*Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012), and agree that the

§ 1983 claims against the judicial defendants are barred by the doctrine.

*Rooker-Feldman* applies to "'cases brought by state-court losers complaining of

injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those

judgments.'" *Id.* at 1283 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,

544 U.S. 280, 284 (2005)).  Put differently, *Rooker-Feldman* bars those claims

"complaining of injuries caused by state-court judgments." *Id.* (quotation omitted).

Plaintiffs' § 1983 claims are exactly the sort of claim precluded by

*Rooker-Feldman*.  They seek to vindicate due process violations allegedly caused by

the state appellate court decisions.  According to plaintiffs, the claimed harms—

deprivation of a fair trial and a post-judgment remedy—were directly caused by the

decisions of the state appellate courts.  And this suit attempts to have a federal court

review and reject the state appellate courts' decisions.  Under these circumstances,

*Rooker-Feldman* applies to bar their claims against the state judicial defendants.

We do not agree, however, that *Rooker-Feldman* also operates to bar

plaintiffs' renewed product liability claim against Rockwell.  "When the state-court

judgment is not itself at issue, the [*Rooker-Feldman*] doctrine does not prohibit

federal suits regarding the same subject matter, or even the same claims, as those

- 4 -

presented in the state-court action. The doctrine that governs litigation of the same subject matter or the same issues is res judicata." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006).

Here, the product liability claim against Rockwell is properly resolved under res judicata—or claim preclusion—not *Rooker-Feldman*. The claim is essentially the same claim plaintiffs previously litigated in state court, but it is independent from the state court judgment. *See id.* at 1143 (contrasting *Rooker-Feldman* and preclusion doctrine and explaining that the latter applies when a "second court tries a matter anew and reaches a conclusion contrary to a judgment by the first court, without concerning itself with the bona fides of the prior judgment"). Indeed, the claim against Rockwell does not ask the district court to review or reject the state court judgment, nor does it rely upon the state court proceedings as a predicate for relief. Rather, the claim accuses the company of designing, manufacturing, selling, and installing a defective electronic system that caused Mr. Graves' death. It is exactly as it would have been even if the state case had never taken place. *See id.* at 1145 ("*Rooker-Feldman* does not bar federal-court claims that would be identical even had there been no state-court judgment.").

The district court included the product liability claim among those barred by *Rooker-Feldman* because it was "inextricably intertwined" with the state court's judgment. But after the Supreme Court's admonition in *Exxon Mobil*, we explained that the term "inextricably intertwined" was not meant "to expand the scope of the

*Rooker* bar beyond challenges to state-court judgments," but rather "to highlight that a challenge to a judgment is barred even if the claim forming the basis of the challenge was not raised in the state proceedings." *Id.* at 1141 (italics omitted). Thus, while a new federal § 1983 claim (such as those advanced here) challenging the constitutionality of a state court decision would be barred as inextricably intertwined with the state proceedings, a renewed claim (the product liability claim here) already litigated in state court, yet independent from the state court judgment, would not. The latter is appropriately analyzed under preclusion doctrine.

We agree with the district court's preclusion analysis. The court correctly recognized that the elements for claim preclusion in Oklahoma are "1) an identity of subject matter, of the parties or their privies, of the capacity of the parties and of the cause of action; 2) the court which heard the original action must have been one of competent jurisdiction; and 3) the judgment rendered must have been a judgment on the merits of the case and not upon purely technical grounds." *Carris v. John R. Thomas & Assocs.*, 896 P.2d 522, 527 (Okla. 1995). Because these elements all exist here, plaintiffs' product liability claim against Rockwell is barred.

## III.   CONCLUSION

Accordingly, the judgment of the district court is AFFIRMED, though we modify the dismissal of the § 1983 claims against the court defendants for lack of

- 6 -

jurisdiction to be without prejudice, *see Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (holding that a dismissal for lack of jurisdiction must be without prejudice).

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge