**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

B.J.G., individually and as Heir of the
Estate of Jonathan L. Graves, deceased,
a minor by and through the guardian of
her Estate: The Trust Company of
Oklahoma, Inc.; F.B.M., individually
and as Heir of the Estate of Jonathan L.
Graves, deceased, a minor by and
through the guardian of her Estate:
Melissa S. Kirk,

      Plaintiffs-Appellants,

v.

THE COURT OF CIVIL APPEALS
STATE OF OKLAHOMA, DIVISION
IV, by and through its Judges; THE
SUPREME COURT STATE OF
OKLAHOMA, by and through its Judges,

      Defendants-Appellees,

and

ROCKWELL AUTOMATION, INC.,
a Delaware corporation,

      Defendant.

---------------------

THE TRUST COMPANY OF
OKLAHOMA,

      Interested Party.

No. 12-5199
(D.C. No. 4:11-CV-00262-GKF-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **MATHESON**, Circuit Judges.

This case began with a wrongful death products liability action in Oklahoma state court. Defendant Rockwell Automation won a jury verdict in its favor, but then the trial court granted plaintiffs' motion for a new trial. On appeal by Rockwell, the Oklahoma Court of Civil Appeals reversed the trial court's order. Plaintiffs petitioned for certiorari review of the decision, but the Oklahoma Supreme Court denied the petition. Plaintiffs then filed a 42 U.S.C. § 1983 action against the Oklahoma Court of Civil Appeals, the Oklahoma Supreme Court and Rockwell. The district court dismissed plaintiffs' claims against the state judicial defendants as barred by the *Rooker-Feldman* doctrine, and we affirmed that dismissal. *See B.J.G. v. Rockwell Automation, Inc.*, 497 F. App'x 807, 808-09 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 1268 (2013). Due to the jurisdictional nature of the dismissal, however, we directed the district court to modify the dismissal of the claims to be without prejudice. *See id.* at 810.

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After our decision issued, plaintiffs filed a motion for leave to amend their complaint. The proposed amended complaint eliminated Rockwell and the Oklahoma Supreme Court as defendants. The claims against the Oklahoma Court of Civil Appeals, however, remained unchanged. Those claims alleged that plaintiffs' due process rights were violated when the Court of Civil Appeals reversed the trial court's order granting plaintiffs' request for a new trial. *Compare* Aplt. App. at 70, ¶ 92 (Amended Complaint), *with* Dist. Ct. R., Doc. 2 at ¶ 99 (Original Complaint). The claims further alleged that the Court of Civil Appeals "failed to follow the standard of review imposed by the Supreme Court of the State of Oklahoma on appellate courts when considering the correctness of the decision of a trial judge who both granted the new trial and presided over the trial of the case." Aplt. App. at 70, ¶92; Dist. Ct. R., Doc. 2 at ¶99. Both complaints sought a declaration that plaintiffs were entitled to a new trial against Rockwell due to the Court of Civil Appeals' constitutional violations. *See* Aplt. App. at 71, ¶ 93; Dist. Ct. R., Doc. 2 at ¶ 100.

The district court denied the motion for leave to amend the complaint, stating, "[t]he claims asserted in the proposed amend[ed] complaint are—like the claims previously asserted by plaintiffs—barred by the *Rooker-Feldman* doctrine." Aplee. App. at 88. As we explained in our prior decision, the *Rooker-Feldman* doctrine "applies to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *B.J.G.*, 497 F. App'x

at 809 (internal quotation marks omitted). And we concluded that plaintiffs' claims were "exactly the sort of claim precluded by *Rooker-Feldman*." *Id.*

Plaintiffs' proposed amended complaint did nothing to cure the jurisdictional defect we identified in our previous decision. The district court therefore properly denied leave to amend the complaint. There was no reasoned basis for the plaintiffs to appeal from the district court's order since the issue had already been litigated and resolved by our previous decision. Accordingly, we dismiss this appeal as frivolous.

Entered for the Court


Stephen H. Anderson
Circuit Judge